*1838.*

SCHUYLER
*v.*
PELISSIER.

---

### SCHUYLER *v.* PELISSIER and others.

---

*It would seem* that a trustee or agent can file a bill of interpleader.

Interpleader may be dispensed with when the party holding the fund, by payment or delivery to one, can be discharged from all liability.

This court will not enjoin an action brought in the circuit court of the United States.

---

DEMURRRER to bill of interpleader.  The complainant, as a trustee or agent, was the holder of funds arising from the sales of property ; and the defendants Olympe L. Pelissier and Richard S. Church claimed interests in it.

The complainant and the defendant Church were citizens of the United States ; but the other defendant, Madame Pelissier, was a subject of France.

The latter had commenced an action against the complainant in the circuit court of the United States for the southern district of New-York.

The bill sought to have the parties interplead and to restrain the action.

A demurrer was interposed by the defendant Pelissier.

*March 2,*
*1838.*

*Interpleader.*
*Jurisdiction.*
*Trustee.*
*Agent.*

Mr. *R. Sedgwick,* for the defendant Pelissier.

Mr. *J. F. Mitchell,* for the complainant.

SCHUYLER
*v.*
PELISSIER.

THE VIC-CHANCELLOR :—The bill contains all that is requisite to make a bill of interpleader. It shows adverse claims by or on behalf of defendants ; readiness to pay over to a rightful owner; and, inability to determine between the claimants.

Even if the complainant assumed to be the agent or trustee of Madame Pelissier and in that capacity received the money, it does not follow that he might not resort to a court of equity for protection, when an adverse claim is set up by a third person, unless it appears that the adverse claimant could maintain no action at law nor recover in equity against him. A bill of interpleader may be dispensed with, when, from the relative situation of the party holding the fund or property, a payment over or delivery to one would effectually discharge from all liability on account of the claims of third persons for the same debt or duty. Upon no other principle, I apprehend, can the cases of *Cooper* v. *De Tastet,* 1 Tam. Rep. 177 ; and *Nicholson* v. *Knowles,* 5 Mad. R. 47, be reconciled with the prior case in 3 Mad. R. 277, and the subsequent cases in 4 Simons, 218 ; 5 Simons, 19 ; and 6 Simons, 10. Nor is it any objection to the filing of a bill of this sort, that one claimant has a right of action at law, and the other a demand cognizable only in a court of equity. Whatever may be the nature of the demands, as respects the remedy to enforce them, the stakeholder is entitled to protection by means of a bill of interpleader, whenever there is danger of his being doubly vexed : *Stevenson* v. *Anderson,* 2 Ves. and Beam. 412 ; *Morgan* v. *Marsack,* 2 Mer. 107. I consider the present case a fit one for a bill of interpleader.

The next question then is, as to jurisdiction ; and whether this court, upon a bill of interpleader, has a right to enjoin a suit in the circuit court of the United States ? It is conceded that such a bill, as between the parties, could not be filed on the equity side of the circuit court, owing to the limited jurisdiction of that court, and because Richard S. Church, a necessary, and not a mere nominal party, is a citizen of the state of New-York, (though absent in France.) The complainant being also a citizen of New-York, and one of the defendants a citizen of the same state, though the other be an alien, the circuit court of the United States cannot take cognizance of the case : *Strawbridge* v. *Curtis,* 3 Cranch, 267 ; *Corporation of New*

*Orleans* v. *Winter*, 1 Wheaton, 91 ; *Ward* v. *Arredondo*, 1 Paine's C. C. R. 412.

It is, nevertheless, insisted, that, although the circuit court has not jurisdiction and the state court has for the purpose of awarding an interpleader and enjoining the parties in the mean time, as far as may be necessary, still, that it is against public policy and the comity due from the courts of one state to the courts of another or to those of the United States to enjoin the prosecution of suits previously commenced and pending before them.

In *McKim* v. *Voorhees*, 7 Cranch, 279, it is expressly decided that a state court cannot enjoin a judgment recovered in a circuit court of the United States ; and *Mallow* v. *Hinde*, 11 Wheaton, 198 ; and *Dunn* v. *Clarke*, 8 Peters, 1, contain the doctrine, that when the courts of the United States perceive their incapacity to do complete justice, owing to their want of jurisdiction over them or their inability to bring all proper parties before those courts, they will stay proceedings until such reasonable time as will enable the parties to litigate their rights in a state court of competent authority, and will refer the parties, accordingly, to such other tribunal. This, as a matter of practice in the federal courts, may prevent any failure of justice ; but I should still be inclined to think, if it were an open question, that there is nothing in all this to forbid the interposition of a state court by injunction, which operates *in personam* only, without waiting for the action of the other court upon the matter, when there are good grounds for believing that such court, upon proper application, would itself interfere and direct a stay of proceedings according to its established practice. I consider, however, that I am bound by authority on this point, and that it is the law of this court not to interfere by injunction in the first instance. In *Mead* v. *Merrit*, 2 Paige, 402, the chancellor treats it as the settled law of this country, as well as of the court of chancery of this state, that a court of equity will not sustain an injunction bill to restrain a suit or proceeding previously commenced in a court of a sister state or in any of the federal courts ; that not only comity, but public policy, forbids the exercise of such a power. The present is an injunction bill, since it seeks to enjoin any further proceedings in the circuit court, and to withdraw the matter from

that court to be litigated here. Whether this can be done, must, it seems, depend upon the discretion of the circuit court in the exercise of its authority over its own suitors ; and to that court the present complainant must be left to make his application. If it succeeds, he will have all the benefit, from a stay of proceedings, which the injunction out of this court would give him, and, at the same time, he is at liberty to prosecute his bill here until the defendants shall interplead, if it shall be so adjudged, and until their rights can be determined. As a matter of comity and to avoid every thing which might tend to bring into collision with each other the powers of courts organized under the authority of independent states and governments, the present injunction must be dismissed.