## VOSBURGH a. HUNTINGTON.

*Supreme Court, First District; At Chambers, Nov., 1862.*

ESTOPPEL IN PAIS.—INTERPLEADER.—BAILEE OR AGENT.—DEPOSIT IN COURT.—CLAIM AND DELIVERY.

Section 122 of the Code introduces no new cases of interpleader : it merely provides a summary mode of relief, which is limited to the same cases in which a bill of interpleader was allowed in chancery.

A bailee or agent cannot dispute the original title of the bailor or principal from whom he has received property.

Hence, such bailee or agent is not entitled, in respect to property intrusted to him, to an interpleader to settle the conflicting claims of the bailor or principal and a stranger who claims the property by a distinct and independent title.

In an action to recover specific personal property, it is a sufficient answer to an application for an interpleader that the defendant is not in a position to deposit the property in court.

*So held,* in an action to recover firkins of butter, where the property had been taken by the plaintiff, by the provisional remedy of claim and delivery, and the defendant had waived his right to re-delivery.

Motion for an interpleader.

This action was originally brought by Abram S. Vosburgh, and continued by John S. Vosburgh, administrator, against Charles R. Huntington, Charles E. Leveridge, and Nathaniel P. Jacobs, to obtain the delivery of two hundred and four firkins of butter, valued at $760. The butter was delivered to the plaintiff at the commencement of the action under proceedings of claim and delivery. The defendants applied to have one Marcus Ball, who claimed the property in question, substituted as defendant. The nature of Ball's claim, and of the proceedings had on the motion, are stated in the opinion.

*Norman Stratton,* for the motion.—I. The giving of the storage receipt did not determine the ownership of the property. It amounted to nothing more than a simple recital of the declaration of Bidwell to the defendants in that regard. It is not conclusive evidence of title.

II. The defendants are entitled, upon bringing the property into court (as they have now virtually done), to have the claimant substituted as defendant in their place. It cannot make any difference whatever with the plaintiff as to with whom he litigates the question of the title to the property, if, as he claims, he is the *bona-fide* owner thereof.

III. It appearing as an undisputed fact that Bidwell never had any title to the property, except that derived through the storage receipt, and which was received by him in bad faith, and also that Ball, the claimant, was the *bona-fide* owner down to the very day of the transfer of the storage receipt by Bidwell, it ought, therefore, to result, as a matter of simple equity, in the claimant being permitted to follow his property and ascertain by what right its possessor claims title thereto. To deny the claimant this right would result in allowing the plaintiff to take and keep the property, without inquiry as to the manner or right of his possession.

IV. Prior to the provisions of § 122 of the Code, it seems to have become well settled that a party in danger of being doubly vexed (as these defendants are) by adverse claimants to the possession of specific real or personal property, held by such party, might always resort to a bill of interpleader. (Yates *a*. Tisdale, 3 *Edw.*, 74; Martinus *a*. Helworth, 2 *Ves. & B.*, 412.)

V. The Code (§ 122) simplifies the former remedy by permitting a motion for that purpose in place of the former action. Under its provisions, a defendant is entitled to a substitution when he shows that he holds the property for the true owner, and has no interest as to the question as to whom it belongs, and that there is nothing else to be litigated except the right of the different claimants to such property; and upon thus showing, the defendant should be discharged, and the claimant, the real party in interest, substituted as defendant. (Van Buskirk *a*. Roy, 8 *How. Pr.*, 425; Fletcher *a*. Troy Savings Bank, 14 *Ib.*, 383; Winfield *a*. Bacon, 24 *Barb.*, 154.)

*Richard Winne*, opposed.—I. The granting of this application is entirely in the discretion of the court. (*Code*, § 122, last clause.)

II. The Code requires that the defendant shall deposit in court the amount of the debt, or deliver the property or its

value to such person as the court may direct, to entitle them to this relief. By failing in this, they are not entitled to this order. To entitle the party to such a favor, he must comply strictly with the requirements of the statute.

III. The rule in relation to interpleader is that the party asking for an interpleader must occupy the position of a stakeholder. The defendants are not in that position here, because they have suffered the property (or stakes) to pass out of their possession and control. They are not in that position for another reason, to wit : they claim to have a defence to this action on the merits.

IV. A much stronger case than the present one has been three times decided in this court. (See Wilson *a.* Duncan, 8 *Abbotts' Pr.*, 354 ; reversed, 11 *Ib.*, 3.)

V. A common carrier, whether by land or by water, if he accepts property to carry as the property of A., has no right to dispute A.'s ownership. When there is no fraud or insolvency, he must deliver according to order and according to agreement, and take his chances for the consequences. (McGaw *a.* Adams, 14 *How. Pr.*, 461.) This case is precisely similar to the above. The defendants were bailors for hire. They were paid to take charge of the property for the party who deposited it, and agreed to deliver to him when called upon. (See 11 *How. Pr.*, 154.)

MULLIN, J.—The defendants moved to substitute in their place as defendants one Marcus Ball, on the ground that said Ball, by his agent, advanced the money to John A. Bidwell, to purchase butter in question in this action. The butter when purchased was to be stored with the defendants, in the name of and for the benefit of said Marcus Ball It is further claimed by the defendants that Bidwell, in violation of his duty, deposited the butter with the defendants in his own name, taking a receipt therefor, and that he afterwards fraudulently sold the said butter to the plaintiff, and by indorsement on the receipt given by the defendants, directed the delivery of the property to said plaintiff. Ball claims and insists that Bidwell is insolvent, and that unless he (Ball) is permitted to come in and defend, he will lose the property in dispute in this action.

It was denied by the plaintiff that Marcus Ball advanced the

money to buy the butter, and that when purchased it was to be deposited in Ball's name with the defendants, and that the sale to plaintiff was fraudulent. On the contrary, it is alleged that Bidwell advanced the money himself, purchased the butter on his own account, deposited it in his own name, and sold it in good faith to the plaintiff.

The interest of Ball in the property being so flatly denied, I referred it to L. Livingston, Esq., as referee, to take proof upon this question, and to report the same, with his opinion, to the court. The referee reports that when the action was brought, Marcus Ball had an interest, as claimed by him, in the property; but the referee further finds that the sale to the plaintiff was made in good faith, and for that reason Ball had no interest in the property.

The question now arises, Are the defendants entitled to have Ball substituted in their places in this action?

Code, § 122, provides that a defendant, against whom an action is pending upon a contract, or for specific real or personal property, may at any time before answer upon affidavit, &c., apply for an order to substitute such person in his place, &c., &c.

It has been held under this section that it introduces no new cause of interpleader, but merely provides a summary mode of relief. (Sherman *a.* Partridge, 1 *Abbotts' Pr.*, 260; 11 *How. Pr.*, 154; 4 *Duer*, 646.)

It follows from this that the interpleader now is limited to the same cases in which it was allowed in chancery. Mr. Justice Story (2 *Story's Eq. Jur.*, §§ 816, 817) holds the rule to be, that in equity, as at law, a bailor or agent cannot dispute the original title of the person from whom he received the property; and, hence, such bailor or agent could not file a bill in equity to settle the conflicting claims of the bailor or principal and a stranger who claims the property by a distinct and independent title.

The chancellor, in Marvin *a.* Elwood (11 *Paige*, 376), expresses a doubt whether some of the cases cited by Justice Story can be reconciled with the principle which the learned commentator deduced from them. Yet the chancellor admits that he is right so far as regards a strict bill of interpleader, and upon the authority of the principle cited, the chancellor

held that an attorney-at-law could not maintain a bill of interpleader to settle the claim to money which he has collected for his client, when a mere stranger claims the money on the ground that the security on which the money was collected was obtained originally by the client wrongfully.

Vice-chancellor Edwards (3 *Edw.*, 191) came to a different conclusion from that arrived at by Justice Story, as early as 1838. The chancellor must be understood as overruling the vice-chancellor, so far as the latter held an agent or bailor entitled to maintain a strict bill of interpleader.

The defendants are bailors, the plaintiff stands in the position of principal, and Ball is a claimant of the property on the ground that the act of the original bailor violated his duty to said Ball, and the purchaser did not obtain his title in good faith.

If an attorney-at-law could not interplead his client and a stranger claiming money by a similar title; I can presume no reason why the defendants should be permitted to substitute Ball in their stead in this suit.

I very much doubt whether a party is entitled to interplead, unless he is able to comply with the provisions of section 122 of Code. The statute requires certain things to be done in order to entitle the party to relief, and the court has no power to dispense with these conditions. One of these conditions is, that the money or property shall be brought into court. This is for the benefit of both the plaintiff in the action and of the party proposed to be made defendant. In this case the defendants have not got the property, it cannot be brought into court, and the condition cannot be complied with. It is not enough that Ball, who is to be benefited by this substitution, is willing to waive this condition, nor that the plaintiff has actually got it in his own possession. The object of the interpleader is to settle the conflicting claims to the property, and when that controversy is settled, the property must be within the power of the court, so that it may be delivered to the successful party. If Ball should be substituted, and establish his claim, he cannot get the butter—he must take his chances of collecting its value, unless the plaintiff should voluntarily surrender it.

I am, therefore, of opinion that the motion should be denied, with ten dollars costs.