DAVID H. CRANE, Respondent, v. MARTHA McDONALD, Impleaded, etc., APPELLANT.

When a person, without collusion, is subjected to a double demand to pay an acknowledged debt, and it appears that, at least a fair doubt exists, either upon questions of fact or of law, as to the rights of the conflicting claimants, he may bring an action of interpleader against them.

*It seems*, the material allegations in a complaint in such an action are, that two or more persons have preferred a claim against the plaintiff; that

they claim the same thing; that plaintiff has no beneficial interest in the thing claimed ; and, that he cannot determine without hazard to himself to which of the defendants the thing belongs.

*It seems*, also, if it appears by the answers of the defendants, that each claims the fund or thing in dispute, no other evidence of that fact is required to entitle the plaintiff to a decree.

As to whether the old rule still exists in this state requiring the plaintiff in such an action to show a privity existing between the defendants, or whether it is sufficient to show independent conflicting claims, *quære.*

Plaintiff's complaint in such an action alleged, and the court found in substance, that there was due from him a sum specified upon a contract between him and G., that one of the defendants claimed said sum as assignee of G's interest in the contract, and had brought an action against him to recover the same; that the other defendant also claimed said sum as administrator of M., on the ground that he had an attorney's lien thereon ; that he had obtained an attachment pursuant to which a levy had been made upon the debt and plaintiff had been forbidden to pay the same to any one except the sheriff ; that plaintiff was willing and had offered to pay to either of the defendants upon being indemnified, but that both had refused to indemnify him. The court also found that plaintiff could not, without hazard, pay the sum due to either of the defendants, and that he was not in collusion with either of them. Before the action was commenced, plaintiff paid the money into court, pursuant to its order, to abide its decision as to who was entitled thereto. Both defendants by their answers claimed the fund. *Held,* that a judgment of interpleader and granting an injunction perpetually restraining further prosecution of the action against plaintiff was properly rendered.

(Argued February 24 , 1890 ; decided March 11, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 1, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This was an action of interpleader.

The complaint alleged in substance and the trial court found that the following facts existed, when the action was commenced : The plaintiff held in his hands the sum of $808 then due from him upon a contract that he had entered into with one Jennie L. Graves. At the same time the defendant, Martha McDonald, who is the mother of said Jennie L. Graves,

claimed said sum as the assignee of the latter's interest in said contract and had brought an action against the plaintiff to recover the same. The defendant George E. Goodrich, as administrator, etc., of Milo Goodrich, deceased, also claimed said sum on the ground that he had an attorney's lien thereon and said defendant had obtained an attachment pursuant to which the sheriff of Cortland county had levied upon the claim in question and had forbidden the plaintiff to pay said money to Mrs. McDonald or to any one except himself. The plaintiff was ready to pay it into court to abide the event of any action between the defendants and was willing to pay it to either upon being indemnified and had so notified them, but both had refused to indemnify him. He could not, without hazard, pay the same to either and he was not in collusion with either, but in good faith desired that they should settle the matter between themselves.

Before this action was commenced plaintiff paid the amount involved into court, pursuant to an order made at Special Term, to abide its decision as to who was entitled thereto.

The court found, as a conclusion of law, that this was a proper case for an interpleader and for an injunction perpetually restraining Mrs. McDonald from the further prosecution of the action brought by her against the plaintiff.

Defendant McDonald alone appealed from the judgment of the Special Term.

*Matthew Hale* for Martha A. McDonald appellant. The court erred in denying the motion to dismiss the complaint. (*B. & O. R. R. Co.* v. *Arthur*, 90 N. Y. 234; Story's Eq. Pl. § 293; 3 Pom. Eq. Juris. §§ 1324, 1328; *Thurber* v. *Blanck*, 50 N. Y. 80; *Johnston* v. *Stimmel*, 89 id. 117, 121; *Castle* v. *Lewis*, 78 id. 131, 137; *Lynch* v. *Crary*, 52 id. 181, 183; *N. Bank* v. *Yandes*, 44 Hun, 55, 60, 63; Code Civ. Pro. § 699; *Tooker* v. *Arnoux*, 76 N. Y. 397.) The court erred in holding that any case was made out for a bill of interpleader or for an injunction. (*Arnold* v. *Angell*, 62 N. Y. 508; *Day* v. *Town of New Lots*, 107 id. 148, 154; *Romeyn*

v. *Sickles,* 108 id. 650, 652; *Southwick* v. *Nat. Bank,* 61 How. Pr. 170.)  The court erred in refusing to hold that no such privity is shown to exist between the defendants herein as to warrant the bringing of this action of interpleader, and that the complaint should therefore be dismissed. (Story's Eq. Pl. §§ 293, 294; 3 Pom. Eq. Juris. §§ 1323, 1324; *Pfister* v. *Wade,* 56 Cal. 43; *T. N. Bk.* v. *S. L. Co.,* 132 Mass. 410; 2 Story's Eq. Juris. §§ 816–818; 132 Mass. 410; *U. S. T. Co.* v. *Wiley,* 41 Barb. 477.)  The plaintiff was estopped by virtue of his sealed contract with Mrs. Graves, her heirs and assigns, to deny the title of the defendant, Mrs. McDonald, to the bond and mortgage and contract in question, and to the amounts due and to grow due thereon, and therefore had no right to maintain an action of interpleader. (Story's Eq. Pl. § 294; 3 Pom. Eq. Juris. § 1326; *Crawshaw* v. *Thornton,* 2 Myl. & Cr. 1; *B. & O. R. R. Co.* v. *Arthur,* 90 N. Y. 234, 238; *Marvin* v. *Ellwood,* 11 Paige, 365; 4 Wait's Actions & Defenses, 153; *U. S. T. Co.* v. *Wiley,* 41 Barb. 477; *Lund* v. *S. Bk.,* 37 id. 129; *Trigg* v. *Hitz,* 17 Abb. Pr. 436; *Delancy* v. *Murphy,* 24 Hun, 503; *Sherman* v. *Partridge,* 4 Duer, 646; *N. Bank* v. *L. Co.,* 132 Mass. 410; *James* v. *Pritchard,* 7 Mees. & Wels. 215; *Sluney* v. *Sidney,* 14 id. 800.)  The court erred in holding that the titles of the defendants are derivative and not antagonistic, and that, therefore, the doctrine requiring privity, between the plaintiff and both defendants, does not apply. (*Crawford* v. *Fisher,* 1 Hare, 436, 440; 2 Story's Eq. Juris. § 817; *Crawshaw* v. *Thornton,* 2 M. & C. 1.)  The complaint should have been dismissed, because neither upon the facts alleged, nor upon the facts proved, had the defendant Goodrich any claim whatever to the fund in question. (*Nassau Bk.* v. *Yandes,* 44 Hun, 55, 59; *Dorn* v. *Fox,* 61 N. Y. 264; *B. & O. R. R. Co.* v. *Arthur,* 90 id. 234; *Goodrich* v. *McDonald,* 112 id. 157, 167.)  The complaint should have been dismissed, upon the ground that the plaintiff could have safely paid the $808 in question to the defendant, Mrs. McDonald, without any hazard. (*B. & O. R. R. Co.* v. *Arthur,* 90 N. Y. 234, 238; *Flagg* v. *Munger,* 9 id.

483, 492; *Poor* v. *Guilford*, 10 id. 273; *Nelson* v. *Eaton*, 26 id. 410; *Wright* v. *Wright*, 70 id. 88.) The principles governing an action in the nature of a bill of interpleader, must not be confounded with the decisions under section 820 of the Code of Civil Procedure. (*Dreyfus* v. *Casey*, 52 Hun, 95; 44 id. 55.)

*A. Pond* and *W. B. French* for Martha A. McDonald, appellant. There is no evidence in the case of any claim or lien of the defendant, Goodrich, to or upon the bond and mortgage mentioned in the complaint. (112 N. Y. 162.) The judge erred in refusing to find as requested by the defendant, McDonald, that the plaintiff is, by virtue of his sealed contract with Mrs. Graves, her heirs and assigns, estopped from denying title of Mrs. McDonald to the bond and mortgage and contract in question, and the amounts due and to grow due thereon, and therefore has no authority to bring this interpleader suit. (Story's Eq. Pl. § 294; 3 Pom. Eq. Juris. § 1326; *Crawshay* v. *Thornton*, 2 Myl. & Cr. 1; *B. & O. R. R. Co.* v. *Arthur*, 90 N. Y. 234, 238; *Marvin* v. *Ellwood*, 11 Paige 365; 4 Wait's Actions and Defenses, 153; *U. S. T. Co.* v *Wiley*, 41 Barb. 477; *Lund* v. *S. Bank*, 37 id. 129; *Trigg* v. *Hitz*, 17 Abb. Pr. 436; *Delancy* v. *Murphy*, 24 Hun, 503; *Sherman* v. *Partridge*, 4 Duer, 646; *N. Bank* v. *Shillings*, 132 Mass. 410; *James* v. *Pritchard*, 7 Mees. & Wels. 215; *Slaney* v. *Sidney*, 14 id. 800.) The judge erred in refusing to find as requested by defendant; McDonald, that the plaintiff might and could have safely paid said claim of the defendant, McDonald, to the said $808 to her without the hazard of exposing himself to the danger of being compelled to pay the same to the defendant, Goodrich. (*Flagg* v. *Munger*, 9 N. Y. 483, 492; *Poor* v. *Guilford*, 6 id. 273; *Nelson* v. *Eaton*, 26 N. Y. 410; *City Bank* v. *Perkins*, 29 id. 554; *B. & O. R. R. Co.* v. *Arthur*, 90 id. 234; *Wright* v. *Wright*, 70 id. 98.) The judge erred in refusing to non-suit, on the ground that the two claims of the defendants are not identical; and in refusing to find as requested, that the alleged claims of the

defendants to the said sum of $808 are not the same. (3 Pom. Eq. Juris. § 1323 ; 16 N. Y. 543.)

*A. P. Smith* for respondent. In this case the answers of both defendants claim the fund in dispute. In such case no proof was required upon the trial. (*Balchen* v. *Crawford*, 1 Sand. Ch. 380.) These facts are all set forth in the complaint ; admitted by the answers taken together ; fully sustained by the 'proof, and found by the court, and contain all the essentials of a strict interpleader. (Story's Eq. Juris., § 808 ; *Richards* v. *Salter*, 6 John. Ch. 445 ; *Dorn* v. *Fox*, 61 N. Y. 264 ; *B. & O. R. R. Co.* v. *Arthur*, 10 Abb. [N. C.] 147 ; *Johnston* v. *Leurs*, 4 Abb. [N. S.] 150 ; *Ins. Co.* v. *Killer*, 7 Civ. Pr. Rep. 109.) There is nothing in defendant's point that there is no privity between these defendants. Their title is derivative. (3 Pom. Eq. Juris. § 1327 ; Story's Eq. Juris. §§ 817, 824; *Parks* v. *Jackson*, 11 Wend. 442.) The complaint is sufficient and sets forth the claims of both defendants so fully that they can be understood by any person of ordinary capacity and understanding. But if this were otherwise, the remedy of the defendants was by motion to make the complaint more definite and certain. (*B. & O. R. R. Co.* v. *Arthur*, 10 Abb. [N. C.] 147 ; 3 Pom. Eq. Juris. § 1328 ; *Reider* v. *Sayre* 70 N. Y. 180 ; *Hudson* v. *Swan*, 7 Abb. [N. C.] 324.) To justify the interpleader it is sufficient for the plaintiff to show that he holds a certain fund to which he makes no claim, and that it is claimed by both defendants and the nature of their claims as made to him, and that he is ready to pay it over to whoever is shown entitled to it. This was shown by the complaint in this case and not denied by the answers. (*Van Buskirk* v. *Roy*, 8 How. Pr. 425 ; *Fletcher* v. *T. S. Bank*, 14 id. 383 ; 1 Wait's Pr. 167; *Bleeker* v. *Graham*, 21 Edw. Ch. 647; *Atkinson* v. *Monks*, 1 Cow. 691; *Yates* v. *Tisdale*, 3 Edw. Ch. 71 ; *Duke of Bolton* v. *Williams*, 2 Ves. Jr. 138, 152 ; *E. I. Co.* v. *Edwards*, 18 Ves. 376 ; *Regan* v. *Serle*, 9 Dowl. 193 ; *Ins. Co.* v. *Killer*, 7 N. Y., Civ Pro. Rep. 109; *Barnes* v. *Mayor, etc.*,

27 Hun, 236; *Board of Suprs.* v. *Deyoe*, 77 N. Y. 219; *N. Y. & N. H. R. R. Co.* v *Schuyler*, 17 id. 608; *Badeau* v. *Rogers*, 2 Paige, 209; *Bedell* v. *Hoffman*, Id. 199; *Johnston* v. *Stimmel*, 89 N. Y. 117.) The remedies by action of interpleader and by motion under the Code are concurrent. (1 Wait's Pr. 166, 174; *McKay* v. *Draper*, 27 N. Y. 256, 260; *Patterson* v. *Perry*, 14 How. Pr. 505; 6 Duer, 686; *Beck* v. *Stephani*, 9 How. Pr. 193; *Vosburgh* v. *Huntington*, 15 Abb. Pr. 254; *Sherman* v. *Partridge*, 1 id. 256; 11 How. Pr. 154.)

VANN, J.   The material allegations in a bill of interpleader, according to an early decision by the Court of Errors, are: (1) That two or more persons have preferred a claim against the complainant; (2) that they claim the same thing; (3) that the complainant has no beneficial interest in the thing claimed; and (4) that he cannot determine, without hazard to himself, to which of the defendants the thing belongs. (*Atkinson* v. *Manks*, 1 Cow. 691, 703.) It was also held in that case that the complainant should annex to his bill an affidavit that there is no collusion between him and any of the parties and that he should bring the money or thing claimed into court so that he could not be benefited by the delay of payment which might result from the filing of his bill. This method of procedure, in substance, still prevails. (*Dorn* v. *Fox*, 61 N. Y. 268.) The plaintiff insists that he has conformed to the practice thus laid down in every particular, while the appellant contends that the complaint is not sufficiently specific with reference to the claims of the defendants, and that no privity is shown between them in relation to their respective demands.

The complaint describes the claim of the defendant McDonald more fully than that of the defendant Goodrich, because the former had sued him and had thus furnished him with a definite description. While the claim of the latter was not clearly nor fully described, enough was set forth to show that it was not a mere pretext, but that it apparently rested upon a reasonable and substantial foundation. If the appellant desired that it should be made more definite and certain, his remedy

was by motion under section 546 of the Code of Civil Procedure. (*Neftel* v. *Lighthstone*, 77 N. Y. 96.) Upon the trial, according to the old chancery practice, as it appeared by the answers of the defendants that each claimed the fund in dispute, no other evidence of that fact was required to entitle the plaintiff to a decree. (*Balchan* v. *Crawford*, 1 Sandf. Ch. 380.)

In this case, however, the point was not left to be determined by the pleadings, but evidence was introduced upon the subject and it appeared that at least a fair doubt existed as to the rights of the conflicting claimants. It was not necessary for the plaintiff to decide, at his peril, either close questions of fact or nice questions of law, but it was sufficient if there was a reasonable doubt as to which claimant the debt belonged. When a person, without collusion, is subjected to a double demand to pay an acknowledged debt, it is the object of a bill of interpleader to relieve him of the risk of deciding who is entitled to the money. If the doubt rests upon a question of fact that is at all serious it is obvious that the debtor cannot safely decide it for himself, because it might be decided the other way upon an actual trial, while if it rests upon a question of law, as was said in *Dorn* v. *Fox* (61 N. Y. 270), "so long as a principle is still under discussion  *  *  *  it would seem fair to hold that there was sufficient doubt and hazard to justify the protection which is afforded by the beneficent action of interpleader." Although the claim of Mr. Goodrich has since been held untenable by this court (*Goodrich* v. *McDonald*, 112 N. Y. 157), it does not follow that no doubt existed when this action was commenced, because the Supreme Court, both at Special and General Term, held that it was valid and attempted to enforce it. This conflict in the decisions of the courts show that the adverse claims of the defendants involved a difficult and doubtful question and is a conclusive answer to the contention of the appellant that the plaintiff did not need the aid of an action of this character. Was it possible for him to safely decide a point so intricate as to cause those learned in the law to differ so widely?

The law did not place so great a responsibility upon him, but provided him with a remedy to protect himself against the double liability, or, to speak more accurately, against a double vexation on account of one liability. (*Dorn* v. *Fox, supra; Caulkins* v. *Bolton,* 31 Hun, 458; 98 N. Y. 511; *Johnston* v. *Stimmel,* 89 N. Y. 117; *Schuyler* v. *Pettisser,* 3 Edw. Ch. 191; *Bedell* v. *Hoffman,* 2 Paige 199; *M. & H. R. R. Co.* v. *Clute,* 4 Paige 384; *Bell* v. *Hunter,* 3 Barb. Ch. 391; *Badeau* v. *Tyler,* 1 Sandf. Ch. 270; *German Ex. Bank* v. *Commr's of Excise,* 6 Abb. [N. C.] 394; *B. & M. R. R. Co.* v. *Arthur,* 10 id. 147; Pomeroy Eq. Jur. §§ 1320–1327; Story Eq. Jur. §§ 800–824.)

It required, however, that he should act in good faith, and he insists that he furnished ample evidence upon that question. He offered to pay the money to Mrs. McDonald if she would indemnify him against the claim of Mr. Goodrich, but she refused to do so, and commenced an action to recover the amount involved. A like offer to Mr. Goodrich upon the condition that he should furnish indemnity was declined, and legal proceedings were threatened. Neither defendant would recede from the position thus taken, but both persisted in their respective demands. The plaintiff thereupon paid the money into court pursuant to its order, and then commenced this suit annexing to his complaint, in addition to the usual verification, an affidavit stating that the action was brought in good faith and without collusion with either defendant or with any person "in their behalf." It did not appear that he had attempted to favor the position of either claimant. These facts, with others appearing in the record, furnished adequate support to the conclusion of the trial judge that the plaintiff acted in good faith.

The appellant contends that no such privity was shown to exist between the defendants as to authorize the plaintiff to bring an action to cause them to interplead.

While the early authorities were exacting upon this subject, many of the later cases have been less rigid, and some have ignored it altogether. The doctrine seems to have been abro-

gated in England, partly by statute and partly by judicial decisions. Mr. Pomeroy, referring to the rule, says that "it is a manifest imperfection of the equity jurisdiction that it should be so limited. A person may be and is exposed to danger, vexation and loss from conflicting independent claims to the same thing, as well as from claims that are dependent, and there is certainly nothing in the nature of the remedy which need prevent it from being extended to both classes of demands." (Pomeroy Eq. Jur. § 1324, note.)

Our statutory interpleader by order apparently does not recognize the doctrine. (Code Civ. Pro. § 820.) A somewhat similar statute in England led the courts of that country to declare that they no longer felt bound, even in an equity action, by the narrow principle previously laid down. (*Attenborough* v. *London, etc., Dock Co.*, L. R. [3 C. P. Div.] 450.) It is not necessary, however, for us to decide whether the rule still exists, or to what extent it exists in this state, because, according to the most exacting authorities, where the adverse titles of the claimants are both derived from a common source, it is sufficient to authorize an interpleader. Such is the case under consideration. Mrs. Graves, as the owner of the contract in question and of the money that was invested therein, was the common source of title to both defendants. The title of Mrs. McDonald, as claimed, for it is the claim only that is here material, was by assignment of the legal title from Mrs. Graves, while the claim of Mr. Goodrich was by an equitable assignment from the same person. Each defendant, acknowledging the original title of Mrs. Graves, claimed the same debt under her, and the title of each was, therefore, derivative, as that word is used with reference to this subject. (Pomeroy Eq. Jur. § 1327.)

The plaintiff held the money to discharge the debt substantially as a stakeholder, having no beneficial interest therein and being under no independent liability to either claimant. He does not deny the title of Mrs. Graves, but, affirming it, places himself upon the uncertainty as to which of the two persons claiming from her is entitled to receive the fund.

Whether the claim of Mr. Goodrich was based on a lien by contract, or a lien by attachment, or both, it originated with Mrs. Graves, who at one time owned all that was claimed by either defendant. His lien had been sanctioned by a decree of the Supreme Court nearly a year before the trial of this action, and, although that judgment was subsequently reversed, it was still in force when the judgment now under review was rendered.

The lien of the attachment, as it was claimed to exist, arose after the covenant to pay the sum in question was entered into by the plaintiff, and, although that lien also was subsequently held invalid, it was sufficient to support an action of interpleader and is a complete answer to the contention of the appellant that this suit was not regularly brought, owing to the contractual relation between herself and the plaintiff.

If the actual truth were a defense to a bill of interpleader, the argument of the appellant would be conclusive, but necessarily the plaintiff in such an action has the right to rely upon what is claimed to be true, as otherwise the remedy would be of no value.

After carefully examining all of the exceptions involving questions of law, we think that none of them were well taken, and that the judgment appealed from should be affirmed with costs.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.