## KELLOGG *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

---

EQUITY; INTERPLEADER; AMENDMENT; PRIVITY.

1. The fact that one of two claimants of the proceeds of a life insurance policy has brought suit against the insurance company on the policy in another jurisdiction will not prevent the maintenance of a bill of interpleader subsequently filed by the company in this jurisdiction against both claimants, where both are personally within this jurisdiction and subject to personal service of process.

2. On an appeal from a decree of interpleader by one of two defendants, the fact that the court below in its opinion referred to the answer of the defendant not appealing is not reversible error, where there is sufficient in the bill and the answer of the defendant appealing to warrant the decree.

3. The allegations of a bill of interpleader by an insurance company are sufficient in themselves to sustain the bill, where they show that two persons have preferred claims against the company; that the claims are for the same thing; and that the company has no beneficial interest in the thing claimed; and that it cannot determine without hazard to itself to which of the defendants the thing belongs.

4. The entry of a decree of interpleader immediately after an amendment of the bill, which amendment went only to the extent of increasing the amount that the complainant offered to pay into the registry of the court, and without waiting for the filing by one of the defendants of an answer to the bill as amended, is not reversible error, where such defendant was in no way prejudiced.

5. *Quære,*—whether in order to sustain a bill of interpleader it is requisite that the thing or debt to determine the title to which the bill is filed is based upon claims thereto derived or proceeding from a common source.

6. It cannot be said that there is no privity between the defendants to a bill of interpleader by an insurance company, and that the bill is therefore not maintainable, where the claims of both defendants are

founded upon a policy issued by the complainant, the proceeds of which both of the defendants claim.

No. 1442.  Submitted January 25, 1905.  Decided February 7, 1905.

HEARING on an appeal by one of two defendants from a decree of the Supreme Court of the District of Columbia sitting as a court of equity, sustaining a bill of interpleader.

*Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a decree in equity of the supreme court of the District of Columbia sustaining a bill of interpleader filed by the appellee, the Mutual Life Insurance Company of New York.  The appellant, Ethel Kellogg, is one of two defendants directed by said decree to interplead in respect of their several claims against the appellee.

The facts, so far as they are material to a determination of the questions presented by the appellee, are these:  On September 22, 1882, the appellee insured the life of Daniel M. Kellogg for the sum of $1,000.  The policy provided that this sum was to be paid to his mother, Susan Kellogg, or to her executors, administrators, or assigns.  Susan Kellogg died March 17, 1901, and her personal representative, in accordance with her last will and testament, assigned the beneficial interest in said policy of insurance to Anna M. Gregory.  The appellee recognized the assignment by advancing to Anna M. Gregory the sum of $93 some time in November, 1902.

On or about June 23, 1903, Daniel M. Kellogg, the insured, being at that time *non compos mentis,* by an instrument in writing, joined in by his wife and committee, Carrie S. Kellogg, requested the appelleee to change the beneficiary under the policy and make the same payable to Ethel Kellogg, daughter of the insured.

Daniel M. Kellogg died at Washington, D. C., December 1, 1903, and proof of his death was made by both Anna M. Gregory

and Ethel Kellogg, and each claimed and demanded of the appellee the entire proceeds of the policy.

On or about January 4, 1904, Ethel Kellogg brought suit against the appellee in the circuit court for Dane county, in the State of Wisconsin.

A bill of interpleader herein was filed January 12, 1904. On April 11, 1904, the appellee paid into the registry of the court the sum of $1,014.

*Mr. E. R. Magie* for the appellant.

*Mr. F. D. McKenney, Mr. J. S. Flannery,* and *Mr. Wm. Hitz* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

1. Appellant's first contention is that the court below erred in taking jurisdiction after the commencement of her suit against the appellee in another court claimed to be competent to determine and settle all the rights between them. Conceding that the Wisconsin court is competent to the extent stated, it is without jurisdiction to determine the controversy between the appellee, the appellant, and Anna M. Gregory, unless the latter voluntarily submits to the jurisdiction of the court, as she is a resident of the District of Columbia. On the other hand, the court below has obtained jurisdiction of all parties, either by their having voluntarily come within its jurisdiction or been duly served with process.

There is no hardship to any of the parties in having the controversy determined in this forum. The appellee has already been sued by Ethel Kellogg, and may, at any time, be sued by Anna M. Gregory. Ethel Kellogg is an inhabitant of the District of Columbia, although she may show that this is not her legal residence. It is in the interest of all parties concerned to have the matter of the ownership of the fund determined in the most speedy and economical manner, and that a multiplicity of suits, if possible, be avoided and the expense at-

tendant thereto. We do not believe that the commencement of the suit in Wisconsin is an absolute bar to this proceeding, and, were there any doubt about it, we would not be inclined to resolve that doubt in favor of the appellant. It would rob the right to file a bill of interpleader of much of its value if it should be held that the proceeding must be commenced before any of the claimants had commenced suit. We are clear that it was not error in the court below to take jurisdiction after the commencement of the Wisconsin suit.

2. We do not understand that the fact that the court below in its opinion refers to Mrs. Gregory's answer is seriously insisted to be such an error as would necessitate the reversal of the decree. However this may be, there is sufficient in the complaint and in the answer of the appellant Kellogg to warrant the decree, and all reference to the answer of the defendant Gregory may be ignored, as the appellant was not injured by such reference.

The material allegations in the complaint are sufficient in themselves to sustain the action, as they show that two persons have preferred a claim against the appellee; that the claim is the same thing; that the plaintiff has no beneficial interest in the thing claimed; and that it cannot determine without hazard to itself to which of the defendants the thing belongs. *Crane* v. *McDonald,* 118 N. Y. 648; 23 N. E. 991.

We deem it unnecessary to go beyond this in overruling the second ground of alleged error.

3. It is argued, in the third place, that it was error to enter the decree appealed from before the expiration of the ten days in which appellant insists she was entitled, under the rules of the court, to file an answer to the amended bill. This contention, under the circumstances of the case, is technical in the extreme, and one that this court is clearly warranted in overruling. The amendment to the complaint went only to the extent of increasing the amount which the appellee offered to pay into the registry of the court. The allowance of the amendment was clearly within the power of the trial court, the appellant was not injured by it, and the ends of justice were subserved. There was noth-

ing in the amendment to the complaint calling for an amendment to the answer. It is intimated that the amount deposited is still insufficient. The answer of the appellant distinctly states that she does not know the exact amount due on the policy. If there be any error in the amount, it can be adjusted when the case goes back to the trial court. It is stated that this amount is some three or four dollars, and it is made a fourth ground of alleged error.

It is unnecessary to add anything further upon this point, and therefore the third and fourth grounds of alleged error are overruled.

4. It is further insisted that it was an error to entertain the bill of interpleader against the two claimants because there is no privity between them. From the view we take of the case it is unnecessary for us to decide whether, in order to sustain a bill of interpleader, it is requisite that the thing or debt to determine the title to which the bill is filed is based upon claims thereto derived or proceeding from a common source. This determination of privity is one in reference to which the authorities differ. When, as in the case at bar, "the adverse titles of the claimants are both derived from a common source, it is sufficient to authorize interpleader." *Crane* v. *McDonald,* 118 N. Y. 648, 23 N. E. 991.

The claims of both Kellogg and Gregory are founded upon the policy issued by the appellee to Daniel M. Kellogg. There was but one contract between the appellee and Daniel M. Kellogg, and it is the fruits of that contract that both claimants seek to possess.

The allegations of the complaint bring this case within the rule enunciated in *Emerick* v. *New York L. Ins. Co.* 49 Md. 352.

It would subserve no good purpose to more fully elaborate our views. The case is a proper one for interpleader, one suit having already been brought against the appellee, and another being certain to follow should it be held that the appellee could not file this bill of interpleader. It is unfair to appellee to vex it with conflicting suits and the expense attendant upon the liti-

gation.　Both the claimants are within the jurisdiction of the supreme court of the District of Columbia, and all questions of difference between them can be best settled here, and in the end some part of the fund will remain for the successful party. We find that there was no error in the court below.

It follows that the decree appealed from must be affirmed, with costs to be paid out of the fund in controversy, and it is so ordered.　　　　　　　　　　　　　　　　*Affirmed.*