James A. Brook, Respondent, *v.* Edmund Randolph and Others, Individually and as Copartners, Doing Business under the Firm Name of Edmund & Charles Randolph, Appellants.

First Department, April 21, 1922.

**Interpleader — two actions by different plaintiffs pending against same defendants to recover identical funds and securities — elements present requiring interpleader.**

An order of interpleader should be granted where two parties have each brought an action against the same defendants to recover the identical funds and securities and the defendants cannot determine without hazard to themselves, to which of the claimants the property belongs, and there is no collusion between the defendants and the party sought to be interpleaded, and there is a reasonable basis for the claim of such party.

Appeal by the defendants, Edmund Randolph and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1922, denying the defendants' motion for an interpleader.

*Stanchfield & Levy* [*Siegfried F. Hartman* of counsel; *Paul M. Hahn* with him on the brief], for the appellants.

*Daniel Mungall,* for the respondent.

Dowling, J.:

This action was commenced on August 1, 1921. The complaint was served August 30, 1921, and no answer has been interposed, the defendants' time having been extended by stipulation, and the cause is not yet at issue.

The complaint alleges in substance that the defendants are stockbrokers; that on December 16, 1920, the plaintiff deposited with the defendants a certified check for $100,000 drawn on the Columbia Trust Company by the British and Foreign Agencies,

Ltd., a Canadian corporation, which check was duly presented to and honored by said Columbia Trust Company and the proceeds thereof were credited to the plaintiff's account with the defendants; that on December 17, 1920, the plaintiff deposited with the defendants the additional sum of $1,502.34; that plaintiff delivered and the defendants received said sums, respectively, on deposit and agreed to repay same to plaintiff or order, on demand, with interest, deducting therefrom plaintiff's withdrawals, costs and brokerage commissions; that on December 27 and 28, 1920, upon plaintiff's instructions, the defendants purchased for him $25,000 par value Canadian five per cent bonds, and deducted from plaintiff's account the cost thereof, namely, $20,531, with brokerage commissions; that thereafter and on December 29, 1920, there remained in defendants' hands, after crediting interest and deducting withdrawals, the sum of $27,983.99; that on said day the plaintiff demanded of defendants the delivery of said securities and the repayment of said balance, but that the defendants refused to deliver the same.

Judgment is demanded for the possession of said bonds, or, in the event that possession cannot be delivered, for the sum of $25,000; and, in addition, for the sum of $27,983.99, with interest from December 29, 1920.

Defendants have moved for an order interpleading and substituting the British and Foreign Agencies, Ltd., a Canadian corporation, as defendant in the above-entitled action in the place and stead of the defendants above named and each of them, and discharging the defendants above named and each of them from any and all liability either to plaintiff or to the British and Foreign Agencies Ltd., on the defendants paying and delivering into court, or to such person as the court may direct, $25,000 par value Dominion of Canada five per cent bonds, due 1937, and $27,983.99 in cash, with such interest as may be added to said sum up to the date of such payment, and granting to the defendants such other, further or different relief as may be just and proper in the premises. This motion was based on affidavits from which the following facts appear: On December 28, 1920 (a day before the day when plaintiff alleges he made demand on defendants for the securities and money in question), the British and Foreign Agencies, Ltd., gave notice in writing to defendants that it claimed all funds and securities in the name of, or deposited by, plaintiff herein and which might be subject to withdrawal by him from them, particularly the sum of $100,000, or any securities purchased by them for plaintiff from said fund, which was paid to defendants by check No. 14, drawn on the Columbia Trust Company, dated December

13, 1920, signed by the said British and Foreign Agencies, Ltd., to the order of James A. Brook and indorsed by him to defendants, which funds were the property of said agencies. Further notice was given on the same date that the agencies claimed all funds then in defendants' possession representing the proceeds of the said check or any securities purchased with the same. As Brook repudiated this claim, defendants declined to deliver the cash and securities in question to either party.

Thereupon on January 10, 1921, the British and Foreign Agencies, Ltd., commenced an action in the Supreme Court, New York county, against defendants for an accounting and to have the funds and securities in question declared to be its property. This was more than six months before the present action was begun.

Thus there are two actions brought by these respective parties against defendants, each claiming to be the owner of the identical funds and securities.

Without going at further length into the facts set forth in the record, it is clear that all the necessary elements are present not only justifying, but requiring, the granting of an order of interpleader herein. Two persons have preferred claims against defendants for the same property, in which the latter have no beneficial interest; defendants cannot determine, without hazard to themselves, to which of the claimants the property belongs; there is no collusion between defendants and the party sought to be interpleaded; there is a reasonable basis for the claim of such party, as shown by the allegations of its verified complaint in its action against defendants and by the other facts appearing in the record. Under these circumstances, the order of interpleader sought for should have been granted. (*Crane* v. *McDonald,* 118 N. Y. 648; *Pouch* v. *Prudential Insurance Co.,* 204 id. 281.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for interpleader granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.