## EDGERTON *a.* ROSS.

*New York Common Pleas ; Special Term, March, 1858.*

### CLAIM AND DELIVERY.—CLAIM MADE BY THIRD PERSON.

The sheriff having taken possession of personal property, in proceedings of claim and delivery, instituted in an action brought by R. for recovery of their possession, a third party brought an action against the sheriff, and R., the plaintiff in the first action, to recover possession of the same property, and issued a requisition to the coroner to retake the property. *Held*, on motion of R., the co-defendant of the sheriff in the second action, that the proceedings of claim and delivery in that action must be set aside as irregular.

There is only one way in which a third party, claiming goods taken by the sheriff in proceedings of claim and delivery, can assert his claim, and that is by affidavit made and served on the sheriff, pursuant to section 216 of the Code.

Order to show cause why proceedings of claim and delivery should not be set aside.

In February, 1858, Andrew Ross, one of the defendants in this action, commenced, in the Supreme Court, an action against Davis and Bassford, to recover the possession of certain personal property. In that action Ross took proceedings of claim and delivery, under section 206, &c., of the Code. Pursuant to a requisition, the sheriff took the chattels in question.

While they were in the custody of the sheriff, one Edgerton, claiming to be the true owner, brought this action in the Common Pleas against Ross, the plaintiff in the first action, and the sheriff, for the possession of the same goods; and in this, Ross commenced similar proceedings of claim and delivery, and issued a requisition to the coroner, requiring him to take the goods from the sheriff.

Upon an affidavit, stating the facts, and that the property in question in the two actions was the same, and alleging, upon information and belief, that the only claim to it made by the sheriff was that arising from his right and duty to hold it by virtue of the proceedings in the first action, the defendant Ross obtained an order to show cause why the affidavit of the plaintiff, upon which his proceedings of claim and delivery were founded, and all those proceedings should not be set aside.

The plaintiff's affidavits, in opposition, showed that the defendants had appeared generally in this action; and also alleged that the property actually taken by the sheriff, and which the plaintiff in this action claimed, was not the goods which he was directed to take by the requisition, but other similar goods which belonged to the plaintiff.

*Birdseye, Somers, Johnson,* for the motion, urged that the proceedings should be set aside for the reasons:—I. That the affidavit did not sufficiently state the alleged cause of detention; and, II. That the only remedy the plaintiff had was that provided in section 216.

*S. B. Noble,* in opposition. I. Any irregularity in the affidavit is waived by the general appearance of the defendant (Roberts *v.* Willard, 1 *Code R.,* 100; Hyde *v.* Patterson, 1 *Abbotts' Pr. R.,* 248). II. The action has been discontinued as against the sheriff; and though the proceedings should be held not sustainable as against him, they are good against the other defendants.

HILTON, J.—This action is to recover the possession, and also claiming the delivery by the coroner to the plaintiff, of certain personal property in custody of the sheriff, having been taken by him by virtue of proceedings in an action of a nature similar

to this, wherein the defendant Ross is plaintiff and Robert Davis, and Edward D. Bassford are defendants.

The sheriff claims no interest in the property; he merely has it in his custody, having taken it from possession of Davis and Bassford, the defendants in the last-named action.

It is a familiar rule, that when a remedy is provided by statute in any case, and the proceeding by which the remedy shall be pursued is distinctly specified, it is a virtual prohibition against proceeding in any other manner, and all other modes are excluded in the cases to which the remedy relates (Miller *v.* Taylor, 4 *Burr.*, 2305, 2323; Dudley *v.* Mayhew, 3 *Comst.*, 9; *Sedgwick on Stat. and Const. Law*, 92).

If the plaintiff desired to claim the property in question, he should have made the affidavit specified in section 216 of the Code, and delivered it to the sheriff, who, unless indemnified against this claim, would restore the property to the parties from whom it had been taken; and it is expressly declared that " no claim to such property by any other person than the defendant" (*i. e.* the person from whom it has been so taken) " shall be valid against the sheriff, unless made as" in this section prescribed; thus providing against the very case under consideration.

The plaintiff's affidavit and all subsequent proceedings to obtain possession of the property being irregular, and unauthorized by law, the motion to vacate the same is granted.