### PELHAM HOD ELEVATING CO. *v.* BAGGALEY.

*(City Court of New York, General Term. December 26, 1890.)*

INTERPLEADER IN REPLEVIN.

> Where, after property has been taken in replevin, defendant does not require its return upon giving an undertaking, under Code Civil Proc. N. Y. § 1704, and no claim is made by a third person, under section 1709, plaintiff is entitled to its possession, and an order of interpleader, under section 820, authorizing the substitution for defendant of another claiming the property, cannot be made, as defendant cannot deliver the possession of the property, as required by that section.

Appeal from special term.

Action by the Pelham Hod Elevating Company against Joshua Baggaley. The action in form for replevin was begun October 27, 1890, to recover an engine and boiler valued at $400, and $100 damages for the detention thereof. The property was taken into the custody of the sheriff on that day. The defendant failed to counter-bond, and no claim was made to the property by any third person, in the manner prescribed by Code, § 1709. On November 13, 1890, the defendant applied for an order substituting one Frank W. Keys, receiver, etc., as defendant in place of the defendant, on the ground that Keys claimed title to the property. The application was granted, and the defendant was directed to deliver the property to Mr. Keys, the receiver, who was to hold it subject to the further order and direction of the court. From this order, the plaintiff appeals. Code Civil Proc. N. Y. § 1704, provides that the defendant in an action to recover a chattel may, within a certain time, "serve upon the sheriff a notice that he requires a return of the chattel replevied," and with the notice deliver to the sheriff an affidavit and undertaking as pre-

scribed; on which, and on allowance of the undertaking, the sheriff must deliver the chattel to defendant. Section 1709 provides that "if a person, not a party to the action, claims, as against the defendant, a right to the possession" of a chattel which has been replevied, "existing at the time when it was replevied, an affidavit may be made and delivered to the sheriff in his behalf, stating that he makes such claim;" whereupon, if indemnity is not furnished by plaintiff to the sheriff on demand by the latter therefor, he may, in his discretion, deliver it to the claimant. Section 820 provides: "A defendant, against whom an action to recover upon a contract, or an action of ejectment, or an action to recover a chattel, is pending, may, at any time before answer, upon proof, by affidavit, that a person, not a party to the action, makes a demand against him for the same debt or property, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property, or its value, to such person as the court directs. The court may, in its discretion, make such an order."

Argued before McADAM, C. J., and EHRLICH and VAN WYCK, JJ.

J. E. Eustis, for appellant. Smith, Bowman & Close, for Baggaley, respondent. Levein & Johnson, for Keys, receiver, respondent.

McADAM, C. J. The Code has provided a special procedure by which a defendant against whom replevin is instituted may retain the property claimed, (section 1704,) and by which a third person, not a party, may obtain possession of the same under claim of title, (section 1709.) Neither of these methods were resorted to in the present instance, and the plaintiff became entitled to receive and hold possession of the property until the final determination of the action. The defendant was not entitled to an order of interpleader under section 820 of the Code, because he did not tender into court the property claimed. Indeed, he had lost the right of possession, and could not deliver the property. The plaintiff became entitled to possession under the provisions of the Code, and the court could make no different direction concerning it. This view is in accord with the authorities. Edgerton v. Ross, 6 Abb. Pr. 189; Vosburg v. Huntington, 15 Abb. Pr. 254; Lynch v. St. John, 56 How. Pr. 144. Section 820 of the Code must be construed in harmony with the other sections cited, so that all may have effect, without infringing upon or impairing the purpose of either. It follows that the order appealed from must be reversed, with costs. All concur.