SAMUEL W. HASTINGS, Late Constable of the County of Kings, Appellant, *v.* JACOB NAGEL and Others, Respondents.

*Replevin suit — sheriff, how far protected — effect of the delivery of an affidavit of claim — a receiptor for property is a bailee, not merely a custodian thereof.*

When, in a replevin suit, a sheriff is directed to take possession of certain specified goods from a designated person, the warrant does not authorize the sheriff to take the property from any person other than the person designated therein, but it protects him in taking it from such person, no matter to whom the property belongs, and no action can be maintained against such sheriff on account of such taking, unless there has been a delivery to the sheriff of the affidavit of claim, provided for by section 1709 of the Code of Civil Procedure, in which case, if the chattels are not delivered to the claimant, an action will lie against the sheriff for the seizure under the provisions of section 1710 of the Code of Civil Procedure.

A constable, after levying upon certain personal property, consisting of clocks, left the same in the store where the levy was made, in charge of a clerk, taking a receipt in the following words:

"BROOKLYN, *December* 23, 1890.

"Received from S. W. Hastings, Constable, forty-four assorted clocks now in store of premises No. 1131 Broadway, Brooklyn, to be held as safe-keeping in storage, to be called for, by me.        LUDWIG HERRING."

*Held*, that the clerk was the bailee of the property and not the servant of the constable.

APPEAL by the plaintiff, Samuel W. Hastings, late constable of the county of Kings, from a judgment of the County Court of Kings county in favor of the defendants, entered in the office of the clerk of the county of Kings on the 13th day of March, 1894, upon the verdict of a jury rendered by direction of the court after a trial in the County Court of Kings county, reversing a judgment of a justice of the peace of the city of Brooklyn, and also from an order made on the 29th day of January, 1894, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

*Herman Vogel*, for the appellant.

*George Carlton Comstock*, for the respondents.

CULLEN, J.:

This is an appeal from a judgment of the County Court of Kings county in favor of the defendants, entered upon the verdict of a jury directed by the court.

The main facts are not disputed. On a justice's judgment against one Viemeister an execution was issued to the plaintiff as constable. He levied on forty-four clocks in Viemeister's store. He did not take the clocks away, but left them with one Herring, a clerk of Viemeister's, taking the following receipt:

" BROOKLYN, *December* 23, 1890.

" Received from S. W. Hastings, Constable, forty-four assorted clocks now in store of premises No. 1131 Broadway, Brooklyn, to be held as safe-keeping in storage, to be called for, by me.

" LUDWIG HERRING."

Subsequently the F. Kroeber Clock Company brought an action in the Supreme Court against Viemeister and Herring to recover possession of property, including the clocks in suit. Under a writ of replevin in that action the sheriff took the clocks. The plaintiff then brought this action against the sheriff for conversion of the clocks levied on, and the present defendants were substituted instead of the sheriff.

We think that the verdict was properly directed for the defendants. The liability of the defendants in this action is but the same

as that of the sheriff had they not been substituted in his place. We concede that the plaintiff made a valid levy on the clocks and acquired a property therein sufficient to maintain an action against any wrongdoer who interfered with them. We may also concede that the title of the plaintiff would prevail against that of the Kroeber Clock Company, the plaintiff in the replevin suit, though the nature of the clock company's claim of title does not appear in this record. But such facts do not determine the question of the plaintiff's right to maintain this action. In the replevin suit the sheriff was directed to take the goods described from the possession of Viemeister and Herring. The warrant did not authorize the sheriff to take the property from any other person than the defendants, but it did protect him in taking it from the defendants, no matter to whom the property belonged, and no action against him could be maintained except after affidavit of claim. (*King* v. *Orser*, 4 Duer, 431; *Bullis* v. *Montgomery*, 50 N. Y. 353.)

There can be no question that the property was in the possession of Herring. Herring was not the servant of the plaintiff, having mere custody of the property as distinguished from possession. He was a bailee of the property. The receipt given to the plaintiff establishes that fact. Hence the case of *McDougall* v. *Travis* (24 Hun, 590) is not in point.

The plaintiff had a plain remedy. Under section 1709 of the Code of Civil Procedure he could deliver to the sheriff an affidavit specifying his claim. If the chattels were not delivered up to him he could then, under section 1710, maintain his action against the sheriff for the seizure. But that section expressly provides that no action shall be maintained against the sheriff except as therein prescribed.

The judgment and order denying motion for a new trial appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.