David K. McCarthy et al., Appellants, *v.* Frederick P. Ockerman, Respondent.

1. Replevin — Claim of Third Party to Property in Possession of Sheriff. A third party making claim to property in the possession of the sheriff under a valid requisition in an action of replevin must assert his claim by filing the affidavit required by sections 1709 and 1710 of the Code of Civil Procedure; and no action can be maintained against the sheriff for the taking or detention by him of specific property under such circumstances except in the manner prescribed by these sections.

2. Valid Requisition — Sufficient Description. The description of the property in the affidavit accompanying the requisition in an action of replevin is sufficient to render the requisition valid in that respect, so as to protect the sheriff from suit by a third party to recover the property, if it describes the property sufficiently to enable the sheriff to take it from the defendant and deliver it to the plaintiff.

*McCarthy* v. *Ockerman,* 92 Hun, 19, affirmed.

(Argued December 16, 1897; decided January 11, 1898.)

Appeal from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered February 1, 1896, upon an order which reversed a judgment in favor of plaintiffs, entered upon a decision of the court ·on trial at Circuit and granted a new trial.

This is an action of replevin. The facts, so far as material, are stated in the opinion.

*Raymond Cobb* for appellants. For the purposes of this appeal the questions of fact, as found by the trial court, must be deemed established in favor of the plaintiffs, and this appeal brings up for review the single question of law, whether the requisition in replevin issued to the defendant protected him in taking and detaining the goods in suit which belonged to these plaintiffs. (Code Civ. Pro. §§ 1337, 1338; *Foster* v. *Persch*, 68 N. Y. 400; *Danziger* v. *Hoyt*, 120 N. Y. 190; *Whitman* v. *Foley*, 125 N. Y. 651; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Otten* v. *M. R. Co.*, 150 N. Y. 400; *Schram* v. *Werner*, 81 Hun, 561; *Fogarty* v. *Hook*, 84 Hun, 165; *Arthur* v. *Wright*, 57 Hun, 22; *Daly* v. *Wise*, 132 N. Y. 306; *Dillon* v. *Cockcroft*, 90 N. Y. 649; *Kirtz* v. *Peck*, 113 N. Y. 222; *Provost* v. *McEncroe*, 102 N. Y. 650.) The process in replevin, under which the defendant attempted to justify the taking and detention of plaintiffs' goods, was not valid and regular on its face, and, hence, afforded him no defense to the action. (Code Civ. Pro. §§ 1709, 1710; Fiero on Spec. Actions, 740; *C. E. Bank* v. *Blye*, 101 N. Y. 303; Cobbey on Replevin, §§ 617, 643, 644; Wells on Replevin, §§ 243, 244, 264, 669; *Kerr* v. *Mount*, 28 N. Y. 665; *Norris* v. *Jones*, 7 Misc. Rep. 201; *Parker* v. *Walrod*, 16 Wend. 514; *People* v. *Warren*, 5 Hill, 440; *Clearwater* v. *Brill*, 63 N. Y. 627; *S. Nat. Bank* v. *Dunn*, 63 How. Pr. 439; Code Civ. Pro. §§ 1695, 1717; *Wiley* v. *Rooney*, 16 N. Y. Supp. 471; *De Reguie* v. *Lewis*, 3 Robt. 708; *Talcott* v. *Belding*, 46 How. Pr. 420.) The alleged requisition in replevin issued to the defendant in the action of *Beach* v. *Seymour*, did not describe the chattels involved in this suit, nor authorize the defendant to take them into his possession; as to these chattels the defendant is a trespasser and cannot rely on his writ, though valid, for protection. (Cobbey on Replevin, §§ 642, 645; Wells on Replevin, § 273; *Klinkowstein* v. *Greenberg*, 15 Misc. Rep. 479; *Lehman* v. *Mayer*, 8 App. Div. 311; *Bullis* v. *Montgomery*, 50 N. Y. 353; *Otis* v. *Williams*, 70 N. Y. 211; *De Witt* v. *Morris*, 13 Wend. 496; *Stimpson* v. *Reynolds*, 14 Barb. 506; *Clark*

v. *Skinner*, 20 Johns. 465; *Deutsch* v. *Reilly*, 8 Daly, 132; *Foster* v. *Pettibone*, 20 Barb. 350; *King* v. *Orser*, 4 Duer, 431.)

*Robert S. Parsons* for respondent. The replevin process in the action of William Beach against Charles O. Parsons George R. Seymour and Charles P. Seymour was a valid process, the defendant in this case was legally in possession thereunder, and, for these reasons, independent of the merits, this plaintiff cannot maintain this action. (Code Civ. Pro. §§ 1695, 1697; *Smith* v. *Stanford*, 62 Ind. 392; Cobbey on Replevin, §§ 547, 549, 550, 552, 618, 619; *Waldron, Wrightman & Co.* v. *Leach*, 9 R. I. 588; *Malone* v. *Stickney*, 88 Ind. 594; Fiero on Spec. Actions [2d ed.], 779, 780; *Litchman* v. *Potter*, 116 Mass. 371, 373; *Smith & Co.* v. *McLean*, 24 Iowa, 323; *City of Fort Dodge* v. *Moore*, 37 Iowa, 388; *Lawrence* v. *Evarts*, 7 Ohio St. 194; *Furwell* v. *Fox*, 18 Mich. 166; *De Witt* v. *Morris*, 13 Wend. 496; *Root* v. *Woodruff*, 6 Hill, 418.) The fact that the plaintiffs in this case entirely failed to comply with sections 1709 and 1710 of the Code of Civil Procedure is undisputed, and this failure is fatal to their recovery. (*McCarthy* v. *Ockerman*, 92 Hun, 19; Fiero on Spec. Actions [2d ed.], 796; *Hastings* v. *Nagel*, 83 Hun, 205; *P. H. E. Co.* v. *Baggaley*, 12 N. Y. Supp. 218; *Edgerton* v. *Ross*, 6 Abb. Pr. 189; 3 Rumsey's Pr. 171; *F. Nat. Bank of Oswego* v. *Dunn*, 97 N. Y. 149; *M. B. & Co.* v. *Keenan*, 73 N. Y. 45; *U. S.* v. *W. A. Council*, 54 Fed. Rep. 994; 1 Starkie on Ev. [5th ed.] 282; *Fife* v. *Bohlem*, 22 Fed. Rep. 878; *Bates* v. *Fuller*, 8 Lea [Tenn.], 644; *Loyd* v. *Anglin*, 7 Yerg. [Tenn.] 428; 2 Whart. on Ev. § 833.) The property which is the subject of this action, as well as the entire stock of goods contained in the store mentioned in the bill of sale, was, at the time of the commencement of this action, in the custody of the law; and McCarthy & Sons, the plaintiffs herein, had no right to disturb that custody or invade it with inconsistent process. (*F. Nat. Bank of Oswego* v. *Dunn*, 97 N. Y. 149; *Hagan* v. *Lucas*, 10 Pet. 400–404;

*Covell* v. *Heyman*, 111 U. S. 176 ; *Acker* v. *White*, 25 Wend. 614, 615 ; *Hall* v. *Tuttle*, 2 Wend. 475 ; Cobbey on Replevin, §§ 705, 706, 709.)

O'Brien, J.   The defendant is the sheriff of Broome county.   The plaintiffs allege that on or about June 7, 1893, he took and wrongfully detains from them certain personal property, consisting of dry goods and other merchandise particularly described in the complaint, annexed affidavit and requisition to the coroner, in an action to recover specific personal property.   It appears from the proofs and findings that the property, which is the subject of this action, was purchased from the plaintiffs by the firm of Parsons and Beach, but that the sale was void for fraud practiced upon the plaintiffs by the purchasing firm through false and fraudulent representations.   It further appears that, before the commencement of this action, the plaintiffs rescinded the sale.   ·The property was taken from the defendant's possession on the 7th day of June, 1893, by the coroner.   The defendant held the property under papers delivered to him for execution in an action precisely similar to this, wherein Beach was plaintiff and Parsons and others defendants.   By virtue of those papers the defendant had taken possession of the property on the 6th day of June, 1893, the day before the plaintiffs commenced this action.

Assuming that the papers in the first action were sufficient in form to authorize the defendant, as sheriff, to take possession of all the property described therein, which included the goods now claimed by the plaintiffs, it follows that the goods which the coroner took in this action were at the time in the custody of the law, and the plaintiffs have not pursued the proper remedy.   (*Edgerton* v. *Ross*, 6 Abb. Pr. 189 ; *Manning* v. *Keenan*, 73 N. Y. 45; *First National Bank of Oswego* v. *Dunn*, 97 N. Y. 149 ; *Hastings* v. *Nagel*, 83 Hun, 205 ; Fiero on Spec. Actions [2d ed.], p. 796.)

A third party making claim to property in the possession of the sheriff under a valid requisition in an action of replevin

must assert his claim by filing the affidavit prescribed by sections 1709 and 1710 of the Code of Civil Procedure. No action can be maintained against the sheriff for the taking or detention by him of specific property under such circumstances, except in the manner prescribed by these sections. The plaintiffs' answer to this point is that the papers in the first replevin action, under which the defendant held the property when this suit was commenced, were absolutely void on their face and afforded no protection to the sheriff. It is doubtless true that property cannot be said to be in the custody of the law unless the officer has some legal process, sufficient upon its face, at least, to enable him to hold it. The only defect which the learned counsel for the plaintiffs has been able to point out in the papers under which the defendant originally took possession of the property is in the description. He contends that the description in the papers was not sufficient to enable the officer to identify the goods, and, hence, the process was void.

In this we think he is clearly in error. The process was in the usual form and required the defendant as sheriff " to replevy the chattels described in the within affidavit from the defendant." In the affidavit the plaintiff swears that he is the owner and entitled to the immediate possession of the following articles of personal property : " All the dry goods, notions, carpets, wall paper, crockery, boots and shoes, groceries, fixtures, safe and the personal effects of Parsons & Beach in the Birdsall Block, in the said village of Whitney's Point." Since the purpose of the action was to recover all the goods in a certain store, the description, though in general terms, was sufficient. If the action related to but a part of the goods that had to be identified and separated from the whole mass the description would necessarily have to be more specific. But the description of the goods in the process under which the defendant held them would be sufficient to pass title in a mortgage or bill of sale. If the property is sufficiently described to enable the officer to take it from the defendant and deliver it to the plaintiff in an action of replevin

the process is not void. In this case the description was amply sufficient for that purpose, and this, we think, is a fair test of the question. (*Litchman* v. *Potter*, 116 Mass. 371; *Waldron, Wightman & Co.* v. *Leach*, 9 R. I. 588; *Smith* v. *Stanford*, 62 Ind. 392; Cobbey on Replevin; § 552.)

The return of the sheriff was indorsed upon the papers to the effect that on the 6th day of June, 1893, "pursuant to the annexed requisition, I took possession of all the personal property mentioned in the annexed affidavit," etc. We cannot doubt that the defendant brought himself within the statute and rules of law which protect a sheriff from suits for the recovery of property legally in his custody as an officer of the law, and so we think that the judgment of the trial court in favor of the plaintiffs was properly reversed.

The order and judgment of the General Term should be affirmed and judgment absolute ordered for the defendant, with costs.

All concur.

Order and judgment affirmed, etc.