(44 Misc. Rep. 580.)

### WRIGHT STEAM ENGINE WORKS v. NEW YORK KEROSENE OIL ENGINE CO.

(Supreme Court, Special Term, New York County. August, 1904.)

1. REPLEVIN—INTERPLEADER.

Where, in replevin, the sheriff delivers to the plaintiff the property on his giving the usual undertaking, and a third party, under Code Civ. Proc. § 1709, interposes a claim to the property, and defendant claims no title therein, an order will be granted allowing an interpleader, but the court will make no direction as to the disposition of the property pending the action.

Action by the Wright Steam Engine Works against the New York Kerosene Oil Engine Company. Motion for interpleader. Granted.

·Charles De Hart Brower, for plaintiff.

William A. Shortt, for defendant.

BLANCHARD, J. This is an action of replevin. The sheriff took possession of the property, and, the plaintiff having given the usual undertaking, the sheriff has delivered the property to the plaintiff, who now has it. A third party made a claim to the property, under section 1709 of the Code of Civil Procedure, while the same was in the possession of the sheriff. The plaintiff gave to the sheriff the usual undertaking, and retains possession of the property. I do not think that Pelham Hod Elevating Co. v. Baggaley (City Ct. N. Y.) 12 N. Y. Supp. 218, is an authority for the denial of this motion. In that case no claim was made under section 1709 of the Code of Civil Procedure by a third party, and the order of substitution directed that the property be turned over to a receiver. This direction was clearly improper, as the plaintiff, having given the proper undertaking, was entitled to the possession of the property. In the case at bar a third party has made a claim of right to the possession of the property in question under section 1709 of the Code of Civil Procedure, and the plaintiff, having given to the sheriff proper security, is entitled to retain the possession. The issue of the right of possession arises solely between the plaintiff and this third party claimant. The defendant makes no claim whatever to the property, and, as the law has already taken the possession of the same away from it, and given it to the party who, under the rules and practice of the court, is entitled to it until the final determination in the action, I can see no valid reason why the present defendant should be compelled to defend the action. So far as it is concerned, there is no issue as to the possession whatever, as the property was originally placed in its charge merely for storage by the third party claimant. If this claimant is substituted in the place of the present defendant, the issue as to the right of possession may be properly disposed of. The motion for interpleader will be granted, but, as the property is now properly in the possession of the plaintiff, pending the action, no direction as to its disposition will be made. No costs.

Ordered accordingly.