Frank A. Gtjlotta, J.
Defendant Alita Lee Richman moves to vacate a requisition caused to be issued by the plaintiff, her husband, pursuant to which the Sheriff of New York City, Kings County division, seized all her household furniture and personal effects. In the alternative she seeks an order that the Sheriff be directed to impound these chattels during the pendency of the action instead of delivering them to the plaintiff.
She tells a harrowing tale of the plaintiff’s having intercepted a moving company which she had hired to move her belongings to a new house, prevailed upon it to deliver the van loads to a warehouse company where a requisition was levied by the Sheriff at 5:00 p.m. on Friday, March 3,1961, and all the defendant’s property turned over to her husband three days later, before she had a chance to do anything because of the intervening week end. She says they took everything, her clothes, shoes, jewelry, the children’s toys, and paints a sorry picture of alleged oppression with the aid of judicial process.
Article 66 of the Civil Practice Act, section 1089 et seq. which regulates the practice in replevin could do with a bit of improvement, in that what the defendant complains of could very well be accomplished under its terms. Defendant’s time to make an impounding motion under section 1103 is limited to the time during which the Sheriff holds the chattels, but under section 1107 he can give them up if the defendant does not move within three days to reclaim them under section 1105. Where the three days include Saturday and Sunday it is a virtual impossibility for the defendant to move that fast and section 20 of the General Construction Law only excludes Sunday from a period of reckoning, when it is part of a two-day period. Furthermore, the Sheriff is not required to serve the summons and complaint (§ 1092) and the affidavit, requisition and undertaking *757 which he is required to serve need only be served without delay (§ 1099), but where the requisition has already been made from a third party and the three days set running, the defendant can be left with no time whatever within which to make her motion if the Sheriff experiences difficulty in serving her.
Fortunately, in spite of what the defendant says, that does not appear to have happened here.
The requisition was made on the storage company on February 24, 1961, and as we learn from the opposing papers, the defendant was aware of it and had her attorney call the Sheriff’s counsel at that time. She had previously on January 27, 1961, with the consent of the plaintiff, removed all the clothing and wardrobes she complains about losing, and 20 cartons and barrels of personal property besides, from the warehouse. The Sheriff’s deputy appears to have been very painstaking not to infringe on the defendant’s rights in discharging his duties under the warrant, and there is no substance to her charge that the Sheriff took items not covered by it. On an issue of credibility a person who suppresses as much information as defendant has, in her moving papers, is entitled to little credence.
Neither were the requisition papers legally deficient under section 1096, for failure to describe the chattels in sufficient detail. The opinion in McCarthy v. Ockerman (154 N. Y. 565) which sustained the validity of a seizure in even more general terms than this one, points out that the purpose of the affidavit is to identify the goods with suffiicent clarity to enable the officer to seize them, and that hence a designation of all the dry goods, notions, carpets, etc. in a certain store at a certain address was sufficient as evidenced by the fact that the Sheriff seized the right goods.
Defendant still has her remedy to contest title to these articles in the pending action, and the $20,000 bond posted by plaintiff should insure collection of any damages she may have sustained if the plaintiff cannot prove title. Motion denied.