■ GALAXIA BARRAZA et al., Appellants, v 55 WEST 47TH STREET COMPANY et al., Defendants, and JEWELRY REALTY CORPORATION, Respondent.—Order and judgment, Supreme Court, New York County (Anthony F. Shaheen, J.), both entered October 8, 1987, which denied plaintiffs-appellants' post trial motion to set aside the damage portion of the jury's verdict and which adjudged defendant-respondent liable in the amount of $200,000 together with interest thereon, unanimously modified, on the law and the facts, the motion granted,

and the matter remanded for a new trial on damages, without costs.

Appellants contend that a new trial on the issue of damages is required because the Supreme Court's jury instructions confused the jurors on the issue of whether the mother's negligence could be imputed to the infant plaintiff. We agree. Appellants instituted this negligence action to recover damages for the injuries sustained by the infant plaintiff who, at the age of five, was raped and sodomized while using a restroom located on premises leased by defendant-respondent Jewelry Realty Corporation. In the initial charge, Supreme Court instructed the jurors that negligence on the part of the infant plaintiff "would not bar recovery, but would reduce the amount of damages" and the court then explained the law of contributory negligence. The court charged that the infant plaintiff was entitled to recover "even though you further find that the Plaintiff's mother was guilty of negligence contributing to the occurrence in which the Plaintiff was injured." After deliberating for six hours over two days, the jurors asked the following question: "Can we assign negligence on behalf of the mother to the child?" Instead of answering the question with a simple "no" (General Obligations Law § 3-111), the court, over appellants' objection, reread the above-cited instruction regarding the mother's contributory negligence. The jurors returned a special verdict in which they found respondent 80% at fault and the infant plaintiff 20% at fault. Appellants' damages were reduced accordingly from $250,000 to $200,000.

We reverse the damage award because the instruction given in response to the jurors' question left open the possibility that the mother's negligence, like the infant's own negligence, would not bar recovery but could reduce the infant's amount of damages. This is plainly incorrect *(Van v Clayburn,* 21 AD2d 144, 145 [1st Dept 1964]; *Corveddu v Blumner,* 10 AD2d 712 [2d Dept 1960]). Appellants are therefore entitled to a new trial on damages. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.