■ GALAXIA BARRAZA et al., Appellants-Respondents, v 55 WEST 47TH STREET COMPANY et al., Defendants, and JEWELRY REALTY CORPORATION, Respondent-Appellant.—Order, Supreme Court, New York County (Robert White, J.), entered May 18, 1989, granting the motion of defendant-cross-appellant Jewelry Realty Corporation to conduct a psychiatric examination of plaintiff-appellant Galaxia Barraza without the presence of her counsel, but allowing the audiotaping of such examination, is unanimously affirmed, without costs or disbursements.

In 1976, plaintiff Galaxia Barraza, then six years old, was raped in defendant Jewelry Realty Corporation's (Jewelry Realty) basement. Thereafter, plaintiff and her mother commenced the instant personal injury action against Jewelry Realty and several others, resulting in a 1987 verdict which adjudged defendant liable in the amount of $200,000. On November 17, 1988, plaintiffs successfully appealed the damage award, based on erroneous jury instructions, and a new trial on damages was directed (144 AD2d 296). After the matter was returned to Trial Term, Jewelry Realty was granted further discovery in the form of a psychiatric examination of Galaxia Barraza so that it could ascertain the extent of her alleged posttraumatic stress disorder. The court heard oral arguments on the matter and then permitted the examination to take place without the presence of plaintiff's counsel but ordered that it be audiotaped. This ruling did not constitute an abuse of discretion. The decision to exclude plaintiff's representative on the ground that his presence might interfere with the examination "must be considered in the light of the facts and circumstances of each case" (Jakubowski v Lengen, 86 AD2d 398, 401). Here, the court's direction to exclude plaintiff's representative was adequately supported by the record, including two affidavits by defendant's physician concerning the sensitive nature of the inquiry due to the claimed injury. Similarly, the trial court properly authorized the psychiatric examination to be audiotaped (see, Murray v Specialty Chems. Co., 100 Misc 2d 658; Milam v Mitchell, 51 Misc 2d 948). Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.