*380 OPINION OF THE COURT
James J. Brucia, J.
It is ordered that this motion by plaintiffs for summary judgment on the issue of liability, and an order setting this case down for a hearing on the issue of damages, is granted in accordance herewith.
In this case, a three-year-old boy inserted his finger into an exposed moving conveyor belt mechanism at check-out counter number 8 at defendant’s supermarket. At his deposition the store manager testified that the 1 Vi-foot-long side panel removed from the conveyor belt mechanism at register number 8 was never found, and no witnesses actually saw the accident, not even the cashier at register number 8. He further testified that he inspected the entire store approximately three times per day, including the check-out counters and conveyor belts, filled out a compliance form and sent the form into the district office every Monday. On the day in question he did not notice any problems with check-out counter number 8 on his two inspections preceding the accident which took place at approximately 4:30 p.m. In support of their motion for summary judgment, plaintiffs complain that the compliance form for the week including the incident herein was never produced. Instead a blank form has been produced. No explanation for the absence of the completed form in question has been presented. The defendant’s mechanic replaced the missing panel, which required screws, the following day. Plaintiffs state that the cashier at register number 8 has yet to be located at the address given for her.
Where, as here, the victim plaintiff is unable to testify, the plaintiff is not bound to the same standards of proof required of an injured party who can do so. (Noseworthy v City of New York, 298 NY 76, 80; see, Stein v Palisi, 308 NY 293, 297.) In such a case where circumstantial evidence is presented, it is enough that plaintiff shows facts and conditions from which the negligence of the defendant may be reasonably inferred. (Brito v Manhattan & Bronx Surface Tr. Operating Auth., 188 AD2d 253, 254, lv granted 189 AD2d 1093, appeal dismissed 81 NY2d 993.) For the record, a three year old is incapable of contributory negligence as a matter of law (Galvin v Cosico, 90 AD2d 656; Meyer v Inguaggiato, 258 App Div 331, lv denied 258 App Div 1055), and any negligence of a parent in supervising a child may not be imputed to the child. (General Obligations Law § 3-111; Barraza v 55 W. 47th St. Co., 144 AD2d 296, *381 on subsequent appeal 156 AD2d 271.) Furthermore, a conveyor belt is a potentially dangerous instrumentality where children are concerned. (See, Lathem v Double E., 53 AD2d 921.)
While plaintiff must generally show that defendant had actual or constructive notice of the condition which caused plaintiff’s injury (Kane v Human Servs. Ctr., 186 AD2d 539, lv denied 82 NY2d 657), here plaintiffs’ attempts to obtain such proof have been thoroughly thwarted. Without the missing panel itself, names and statements of witnesses, and at the very least the store manager’s compliance form for the date of the incident and the days immediately preceding it, the infant plaintiff has little hope of establishing notice. However, an unfavorable inference may be drawn when a party fails to produce evidence which is within his control and which it is naturally expected to produce. (Ausch v St. Paul Fire & Mar. Ins. Co., 125 AD2d 43, 48, lv denied 70 NY2d 610; Gruntz v Deepdale Gen. Hosp., 163 AD2d 564.) Indeed, the strongest inference may be drawn against an adversary who withholds evidence in his possession. (Noce v Kaufman, 2 NY2d 347, 353; see also, Wylde v Northern R. R. Co., 53 NY 156, 164.) The bottom line is that this is a case where the law supports recovery by this infant and defendant has both actively and passively manipulated the facts to prevent such a recovery. Under these circumstances, this court hereby draws the strongest possible inference against defendant for its conduct that shows a consistent pattern of noncooperation and obstruction. (See, Ausch v St. Paul Fire & Mar. Ins. Co., supra, at 50.)
As to defendant’s insistence that credibility must be determined by the trier of fact, this court finds that one who has suppressed as much information as defendant herein has, is entitled to little credence. (Richman v Active Vans Moving & Stor. Co., 27 Misc 2d 755.) In any event, defendant’s claim of lack of notice is inherently incredible because of what is known about the repairs, namely that screws were necessary to replace the missing side panel. That such a repair could come to be necessary without ever having come to the attention of an employee of defendant, without retrieval of the missing panel, and within a short time of the accident herein, flies in the face of reason.
Based on the foregoing principles of law, as applied to the facts of this case, plaintiffs’ motion for summary judgment on the issue of liability is granted.
*382 In keeping with the provisions of CPLR 3212 (c) authorizing an "immediate” trial where there remains only the issue of damages, this action shall be afforded a trial preference (see, CPLR 3403 [a] [2], [3]).