# ¡ALEMÁN

*v.*

# ESCALONA.

San Juan, Equity, No. 944.

ON MOTION TO DISMISS INJUNCTION.

Due Process of Law—Notice and Hearing.

1. Notice and hearing are of the very essence of due process of law, and a summary proceeding which does not afford a day in court presents a Federal question.

Federal Court—State Procedure.

2. A Federal court has jurisdiction over the parties to a suit in the Federal court, and in a proper case will act, by injunction or otherwise, against them.

United States Court—Proceedings in State Court.

3. Revised Statutes of the United States, § 720, prohibits injunction to stay proceedings in a state court, whether these proceedings be before or after judgment.

Courts—What are.

4. Such officials as commissioners and public officers are not state courts within the meaning of § 720 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 581; but a proceeding to enjoin a marshal of the Porto Rican court from proceeding to enforce a decree of the Porto Rican court under the mortgage law is within the purview of this section.

Opinion filed February 6, 1914.

*Mr. H. H. Scoville* for complainant.

Alemán v. Escalona.

*Mr. Frank Antonsanti* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this cause a bill was filed on January 27, 1914, seeking to restrain the marshal of the insular district court of San Juan from selling certain property under a foreclosure of mortgage therein set out. It alleges that the proceedings were instituted under the local mortgage law, and that from the summary nature of these proceedings the complainant is unable to set up valid defenses to said claim. He avers, therefore, that he will be deprived of his property without a hearing, contrary to the Amendments to the Constitution of the United States. Upon this a restraining order was issued to said marshal, and the sale postponed. On February 2, 1914, the defendant moves to dismiss the injunction on two grounds: (1) That both parties are citizens of Porto Rico, and there is no Federal question involved; (2) that this proceeding is inhibited by § 720 of the United States Revised Statutes, U. S. Comp. Stat. 1901, p. 581.

1. The proceedings under the mortgage law and the regulations for its execution are summary in their nature. Article 170 of the regulations provides that the judge shall examine the papers, and, if they are in order, he shall issue an order for payment within thirty days. Article 172 provides that, if there has been no payment or cancelation, a sale shall be had at public auction in twenty days. In the event of no bidder, the property may be awarded to the plaintiff. Under article 175 the only defenses are (1) existence of criminal procedure for forgery, (2) a prior conveyance, and (3) cancelation. By article 176 actions may be brought in the proper court, but with-

Alemán v. Escalona.

out stay of the sale. In no foreclosure case, however, can the nullity of the paper itself be brought in question.

This court in Kortright v. Cruz De Godines, 1 Porto Rico Fed. Rep. 174, has intimated that the summary proceedings do not afford a proper day in court, and in such case relief should be granted against the mortgagee to prevent their enforcement. This would present a Federal question. The court is far from conceding that a summary proceeding, no matter how long assented to, conforms to the due process of law required under the 14th Amendment to the Constitution of the United States. Notice and hearing are of the very essence of due process. McGehee, Due Process of Law, ·p. 58; Ochoa v. Hernandez y Morales, 230 U. S. 139, 153, 57 L. ed. 1427, 1434, 33 Sup. Ct. Rep. 1033. Can, however, even a Federal question be raised in this case?

2. A preliminary question of jurisdiction, therefore, must be considered. A Federal court has jurisdiction over the parties to a suit in a state court, and in a proper case will act, by injunction or otherwise (City Bank v. Skelton, 2 Blatchf. 14, Fed. Cas. No. 2,739) ; but the proceeding here sought is directed not against a party, but against the marshal of the district court of San Juan, and prohibits him from carrying out a regular decree of that court. It is alleged by the defendant that this runs counter to § 720 of the Revised Statutes of the United States.

3. This reads as follows: "Sec. 720. The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The prohibition is not limited to the steps before a judg-

ment, but includes the entire proceedings from the commencement of the suit through satisfaction of the execution issued on the judgment. Wayman v. Southard, 10 Wheat. p. 1, 6 L. ed. 253; Leathe v. Thomas, 38 C. C. A. 75, 97 Fed. p. 136. This would cover a mortgage sale by the marshal under order of the local court.

4. There are some bodies which are not considered courts within the purview of this section. Of such a character is a commissioner's court of a county. Busch v. Webb, 122 Fed. p. 655.

And where it is provided that property may be sold by a public officer upon default under a mortgage, there is no proceeding in a state court within the meaning of this section. Carpenter v. Talbot, 33 Fed. p. 537. In the case at bar, however, there was a proceeding which was regular in its nature. The court in question is a part of the regular judiciary of Porto Rico, and the fact that its jurisdiction covers some matters, and does not cover others, cannot alter the case. The district court of San Juan comes within the purview of § 720 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 581, and the Federal court will not interfere by injunction, except in bankruptcy cases, to prevent its marshal or other officer from carrying out its orders. Leathe v. Thomas, supra.

The motion to dismiss, therefore, must be granted; and it is so ordered.