TOBY W. JOHNSTON, Appellant, *v.* JOHN STIMMEL et al., Respondents.

The United States, by voluntarily appearing in a State court as a claimant to a fund therein, subjects itself to the jurisdiction of the court, and will be bound by its decision.

After the commencement of an action by the United States, in the United States Circuit Court, the defendant therein executed an assignment of a bond and mortgage, which was recorded; thereafter an attachment was issued in said action which was levied on the mortgage debt, plaintiff claiming that the assignment was fraudulent and void. This action was then brought by the assignee to foreclose the mortgage. Upon application of the owners of the equity of redemption the United States Circuit Court directed the levy to be discharged unless the United States consented to appear and submit to the jurisdiction of the State court. Upon motion thereupon made in the foreclosure suit an order was granted substituting the United States as defendant discharging the original defendant from liability and directing plaintiff to satisfy the mortgage, upon payment into court of the amount due, with costs; with provision for the appearance of the United States, its submission to the jurisdiction of the court, and consent that the title to the mortgage debt be determined in the action, on default of such appearance and submission the moneys so paid in were directed to be paid to plaintiff. *Held*, that the order was proper.

Plaintiff claimed that as his action was against defendants upon whom the attachment had not been served, he was entitled to proceed against them. *Held* untenable; as the liability of the defendants was for the same debt, which was paid by the payment into court, leaving simply the question as to who was entitled to the fund to be determined, in which none of the former defendants were interested.

(Submitted April 11, 1882; decided May 2, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 3, 1882, which affirmed an order of Special Term, the substance of which is hereinafter stated. (Reported below, 26 Hun, 435.)

This action was brought to foreclose a mortgage upon a certain leasehold estate in the city of New York, executed by defendant Conrades to secure his bond given to Harrison Johnston, father of the plaintiff.

Conrades conveyed the estate to defendant Warnsdorfer January 1, 1875, subject to said mortgage, which the latter

assumed. Plaintiff claimed by assignment from his father, dated October 29, 1879, and recorded November 5, 1879. On April 30, 1879, the United States commenced an action against said Harrison Johnston in the United States Circuit Court for the southern district of New York. On March 5, 1880, after the recording of said assignment, an attachment in said action was issued to the marshal of the southern district of New York, who attached in due form the mortgage debt, and notice thereof was duly given to Warnsdorfer and Harrison Johnston. The assignment of said mortgage to the plaintiff was claimed by the United States to be fraudulent and void. Both plaintiff and his assignor are non-residents of this State. On April 29, 1880, and after service of the attachment on him, Warnsdorfer conveyed the property to the defendant Stimmel, who was not willing to assume the payment of the mortgage debt, and desired that it be discharged, but, by reason of the levy under the attachment, the same could not be paid off, and on that day the amount of said mortgage debt was deposited in the United States Trust Company to the joint credit of Warnsdorfer and Stimmel, to be drawn therefrom only upon their joint order and for the purpose of paying off said mortgage; and the money continued in said trust company until it was paid to the clerk of this court, by virtue of the order appealed from November 3, 1881. In July, 1881, this action was commenced. In September, 1881, a motion was made on behalf of Warnsdorfer in the action in the United States court, to discharge the attachment and levy as to said mortgage debt, and for permission to pay the same to the plaintiff in this action. Upon said motion an order was made directing the discharge of said levy, etc., unless the United States consented to appear and yield to the jurisdiction of the State court, and allow the questions as to the right of the United States to hold its lien to be determined on the merits, if, on a motion to be made by the defendants, said court should direct the United States to be interpleaded or to be substituted as a defendant. The plaintiff herein had due notice of that motion in the United States court, but

did not appear thereon. Thereafter, a motion on affidavits showing these facts was made on behalf of the defendants, Stimmel and Warnsdorfer, for leave to pay the amount of said mortgage into court, and that the United States of America be substituted as the defendant therein, or that it be brought in as a defendant in their stead. The motion was granted and the plaintiff was directed to discharge the mortgage upon payment of the amount due on the mortgage, with costs. Directions were given as to the appearance of the United States, its submission to the jurisdiction of the court, and consent that the title to the mortgage debt be determined in the action. In default of such submission and consent, or in case of such submission and of final judgment for plaintiff, the clerk of the court was directed to pay over the moneys deposited to the plaintiff.

*Hamilton Wallis* for appellant. The claim of the United States is a mere nominal one, and would not support an interpleader. (*Thurber* v. *Blanck*, 50 N. Y. 80; *U. S. Trust Co.* v. *Wiley*, 41 Barb. 477; *Morgan* v. *Fillmore*, 18 Abb. Pr. 217; *Castle* v. *Lewis*, 78 N. Y. 131.) A sovereignty cannot be impleaded in court without its consent. (U. S. Rev. Stat., § 771; *U. S.* v. *Ames*, 1 W. & M. 76; *U. S.* v. *Boyd*, 5 How. 29; *Dikeman* v. *Dikeman*, 11 Paige, 484; *Green* v. *Biddle*, 8 Wheat. 84.) An interpleader cannot be ordered between a creditor and an attaching creditor. (*U. S. Trust Co.* v. *Wiley*, 41 Barb. 477, 479; *Sherman* v. *Partridge*, 4 Duer, 649.) The order appealed from should be reversed, because it can accomplish nothing. (*U. S.* v. *Ames*, 1 W. & M. 76.)

*De Witt C. Brown* for respondents. There is no absolute right to costs to either party in a common-law action till judgment, and at any time before judgment the court has entire control over costs. (Code of Civil Procedure, §§ 3228, 3229, 3230; *Crosby* v. *Day*, 81 N. Y. 242; *Carleton* v. *Darcy*, 75 id. 375; *Morris* v. *Wheeler*, 45 id. 708; *Gallagher* v. *Egan*, 2 Sandf. 742.) It is no valid objection to the order that the government of the United States is made a conditional de-

fendant in the action. (*Republic of Mexico* v. *Arrangois*, 11 How. Pr. 1; *Maning* v. *State of Nicaragua*, 14 id. 518.)

*Armour C. Anderson* for respondent Stimmel. The court will not, on an application for interpleader, pass upon or determine the validity of the claim or demand of the parties. (*Bleeker* v. *Graham*, 2 Edw. Ch. 647, 650.) Defendants, having expressed their readiness to pay the amount into the court, should be allowed to do so, leaving the contestants to settle the controversy between themselves as to which is entitled to the amount. (*Van Buskirk* v. *Roy*, 8 How. Pr. 425; *Johnston* v. *Lewis*, 4 Abb. [N. S.] 150; *The B. & C. R. R. Co.* v. *Arthur*, 13 N. Y. Weekly Dig. 333; *Fletcher* v. *The T. S. B.*, 14 How. Pr. 383; *Dryer* v. *Rauch*, 42 id. 22; *Ball* v. *Liney*, 48 N. Y. 6–13; *Bruggleman* v. *The Bk. of M.*, 1 City Court, 86; *Dows* v. *Kidder*, 84 N. Y. 121, 134.) They will not be required to exercise any judgment on the subject of conflicting rights of the parties. (1 Wait's Pr. 165; 4 Wait's Actions and Defenses, 150.) Where matters are so entangled that the party is liable to double recovery against him for a valid debt, the court will direct an order of interpleader to be made. (*Board of S. of S. Co.* v. *Deyoe*, 57 How. Pr. 135.) An order of interpleader may be procured in an action for the foreclosure of a mortgage, where the only question in dispute is the ownership of the mortgage. (*Tanton* v. *Groh*, 39 How. Pr. 147.) The court had the right to bring in a new defendant. (Code, § 452.) This being an action in equity to foreclose a mortgage, plaintiff is not entitled as a matter of right to costs; they are in the discretion of the court. (*Pratt* v. *Ramsdell*, 16 How. Pr. 60; *Barlow* v. *Cleveland*, 16 id. 364; *Morris* v. *Wheeler*, 45 N. Y. 708; *Losee* v. *Ellis*, 20 Hun, 655.) The United States may consent to be sued, and may yield this consent upon such terms and under such restrictions as it may think just. (*Murray* v. *H. L. & I. Co.*, 18 How. [U. S.] 283; *People of the S. of M.* v. *The P. B. of N. Y.*, 4 Bosw. 382; *Manning* v. *The State of Nicaragua*, 14 How. Pr. 517.) The fund being in this State, and the claim of the

United States being interposed within this jurisdiction, it is most proper that the courts of this State should be able to obtain full jurisdiction over the parties. (*Mut. L. Ins. Co.* v. *Blake*, *E'xr*, N. Y. Daily Reg., Dec. 27, 1881.)

TRACY, J.   No suit can be brought against the United States without the consent of Congress. (*Marriott* v. *Brune*, 18 How. U. S. [Curtis] 285.)   But the United States may sue its debtor in any court of law having jurisdiction of the subject matter. (Ib.)

The attorney of the United States for the district in which the action is brought is the proper officer to bring such action. (U. S. R. S., § 771.)

The United States while nominally a defendant is in fact made a plaintiff by the order appealed from.   It comes in not to defend an action brought against it, but as a claimant to the fund in question.

The next and more difficult question raised by the appeal is, whether the United States can, in the present action pending in the State court, enforce its claim to the fund in question. Under the decisions of this court it certainly cannot. (*Thurber* v. *Blanck*, 50 N. Y. 80 )   It has no judgment against its alleged debtor, Harrison Johnston, the former owner of the bond and mortgage, and may never have.   Had the attachment been issued in an action pending in the courts of this State, a different question would be presented.   But the action in which the attachment was issued was pending in the Circuit Court of the United States, a court not bound to follow the decisions of a State court.

Such court may hold that the United States, by service of the attachment, did acquire a lien upon the debt.   But by voluntarily appearing in a State court as a claimant to a fund in such court the United States subjects itself to the jurisdiction of such court, and like any other litigant will be bound by its decision.   It is insisted that as the plaintiff's action is against other defendants, upon whom the warrant of attachment had not been served, it should be permitted to proceed

against them as if no attachment had been issued. The liability of the several defendants is for the same debt; payment made by any one of them will satisfy the plaintiff's claim against all. The debt has been paid, by paying the amount with costs of the action into court.

The only remaining question to be determined is, whether the plaintiff or the United States own the fund, and in this question none of the former defendants have now any interest.

The order should be affirmed, with costs.

All concur.

Order affirmed.