UNITED STATES v. NEELEY.

(Circuit Court, S. D. New York. March 3, 1906.)

ATTACHMENT—VACATION—ACTION BY ADVERSE CLAIMANT AGAINST GARNISHEE.
    Where a fund on deposit in a bank and attached in an action in a federal court as property of the defendant therein is claimed by others, not parties, and an action against the bank for its recovery has been instituted in a state court, the plaintiff in the federal court should appear in such action and submit his rights to adjudication therein for the protection of the bank, and unless he does so the attachment will be vacated.

On Motion to Vacate Attachment.

Sullivan & Cornwell, for the motion.
Henry L. Stimson and Edward K. Jones, opposed.

LACOMBE, Circuit Judge. This is a motion to vacate an attachment and discharge a levy thereof upon a fund in the hands of the Mercantile National Bank, unless the plaintiff herein consents to appear and to yield to the jurisdiction of the New York Supreme Court and to allow the question as to its right, if any, under and by virtue of said warrant of attachment, to be determined in said court on the merits. The fund is claimed by two other persons besides Neeley, and suit has been brought against the bank in the state court. Apparently in no other way can the rights of the bank, who is a mere stakeholder, be protected.

The determination of the question whether or not the United States shall voluntarily appear in an action in a state court is one to be determined by the executive branch of the government; i. e., by the Attorney General. The proposition that a federal court shall compel that officer by threat of an adverse decision to make such "voluntary ( ? )" appearance is an interesting one, which has apparently once before been considered in this court (Johnston v. Stimmel, 89 N. Y. 117), but which need not be discussed here. The Attorney General states that the United States disclaims any interest in the litigation, which it appears is being prosecuted in the name of the United States solely for the benefit and at the expense of the Cuban government. There is no reason why the Cuban government should not appear in the state court case, and, indeed, every obligation of fair dealing requires it to do so.

The motion is therefore granted.