10 In the Matter of the Estate of HELEN SABHA, Deceased. GEORGE T. MAHSHIE, as Executor of HELEN SABHA, Deceased.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In an account dated February 22, 1977, the executor of the estate of Helen Sabha listed a Federal tax claim among those allowed but not paid. The United States filed objections to the account concerning other claims on March 14, 1977 and March 28, 1977. The Bank

of New York, a competing creditor, filed objections to the account on April 1, 1977 in which it attacked the validity of the Federal tax claim. A hearing on the judicial settlement of the account was held on April 18, 1977, at which the executor was not present. Two days later, the executor served a notice of rejection of the Federal tax claim on the United States. When the hearing resumed on May 3, 1977, the Surrogate held (1) that the executor's notice of rejection was untimely; (2) that the Bank of New York had standing to challenge the merits of the Federal tax claim; and (3) that Surrogate's Court had jurisdiction to determine the merits of the tax claim. The executor excepted to the court's ruling and all parties have appealed. The executor should be allowed to file an amended account in which he may reject the Federal tax claim. An account is a pleading (SCPA 302, subd 1, par [a]) and CPLR 3025 governs amendment of pleadings in Surrogate's Court (see CPLR 101; SCPA 102). Under CPLR 3025 (subd [b]), a party may amend his pleading at any time by leave of court and leave shall be freely given absent prejudice or surprise resulting directly from the delay *(Fahey v County of Ontario,* 44 NY2d 934, 935). No prejudice or surprise resulted to the United States from the executor's delay in rejecting its claim from the date of the original account until the second hearing (cf. *Matter of Seife,* 37 Misc 2d 863). Moreover, in light of developments occurring at the first hearing, it appeared that there was at least some basis for rejection of the Federal tax claim by the executor. Consequently, the executor should be given an opportunity to file an amended account, notwithstanding that a formal motion for leave to amend was not made (see *Atlantic Tug & Equip. Co. v S & L Paving Corp.,* 40 AD2d 589). Upon service of an amended account containing a rejection of the Federal tax claim, the United States may commence an action on its claim in Federal court (see SCPA 1810). In that event, as a matter of comity, Surrogate's Court should decline to exercise jurisdiction over the claim (see *Matter of Smathers,* 249 App Div 523, 527). If, however, the United States does not commence such an action, all issues relating to the validity and enforceability of the claim shall be tried and determined upon the judicial settlement of the account (SCPA 1808, subd 1) and the United States shall be bound thereby *(United States v Vibradamp Corp.,* 257 F Supp 931, 937; *United States v Muntzing,* 69 F Supp 503, 505; *United States v Pate,* 47 F Supp 965, 968; see *Johnston v Stimmel,* 89 NY 117, 121). In view of our determination, we find it unnecessary to reach the question whether the Bank of New York had standing to object to the tax claim of the United States. (Appeals from order of Onondaga Surrogate's Court—settle executor's account.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.