MANUFACTURERS HANOVER TRUST COMPANY, Individually and as Trustee under Indenture, Dated September 23, 1986, Respondent, v CROSSLAND SAVINGS, FSB, Appellant.

First Department, March 12, 1992

## APPEARANCES OF COUNSEL

*Martin I. Shelton* of counsel *(Joseph Ferraro* and *Darlene Fairman* with him on the brief; *Shea & Gould,* attorneys), for appellant.

*Sarah L. Reid* of counsel *(Beth L. Andersen* with her on the brief; *Kelley Drye & Warren,* attorneys), for respondent.

*Harris Weinstein, Thomas J. Segal* and *Dirk S. Roberts* for Office of Thrift Supervision, *amicus curiae.*

## OPINION OF THE COURT

RUBIN, J.

The difficulties presented by this appeal arise not from the disposition of the legal issues presented, which is in all respects proper, but from the lack of a forum in which to adjudicate the rights of all entities which ought to be joined in the action if complete relief is to be accorded between the parties (CPLR 1001 [a]).

The underlying dispute involves the default by defendant Crossland Savings, FSB in the payment of interest due on a financing instrument, referred to by the parties as the "Indenture", which has some novel features. Before maturity, the senior subordinated capital notes issued pursuant to the Indenture provide for the semiannual payment of interest by the savings bank and therefore exhibit characteristics of a debt instrument. However, the terms of the Indenture also provide that the notes shall be exchanged for shares in defendant savings bank to be issued upon maturity (September 15, 1998) and, thus, the financing vehicle also exhibits characteristics of an equity instrument. Significantly, the

briefs indicate that the notes issued pursuant to the Indenture were initially classified by Federal law as part of the bank's "regulatory capital" requirement (viz., equity), but were reclassified under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (Pub L No 101-73, 103 US Stat 183) with the effect of excluding the notes from inclusion in the bank's total capital (12 CFR 567.5 [b] [1] [vii]). In any event, Crossland failed to make payment for interest due on March 15, 1991 which, following a 30-day grace period, became a default on April 15, 1991 under the terms of the Indenture. This action ensued.

The defense interposed by Crossland is predicated on the classification of the Indenture as an equity financing vehicle and, thus, the denomination of the capital notes as an equity interest in the savings bank. The answer recites that Crossland is a "Tier 3 Association", which is to say that its available capital does not meet the minimum capital requirements imposed upon it by the Office of Thrift Supervision (OTS), an office of the Department of the Treasury with jurisdiction over Federally chartered savings banks. It asserts that Crossland is not authorized to make the interest payment at issue because it constitutes a "capital distribution" which cannot be made without the prior written approval of OTS (12 CFR 563.134). A "capital distribution" is defined as, *inter alia:*

"(i) Any dividend paid or other distribution in cash or in kind * * * made on or with respect to any shares of an association, but not including a dividend consisting of shares of the association;

"(ii) Any payment made by an association to repurchase, redeem, retire or otherwise acquire any of its shares;

"(iii) Other distributions charged against the capital accounts of an association * * *

"(v) Other types of transactions determined by the Office to entail the payout of capital by an association" (12 CFR 563.134 [a] [1]).

In deciding plaintiff Manufacturers Hanover Trust Company's motion for summary judgment, Supreme Court noted that Crossland does not deny that the amount claimed by plaintiff was, in fact, due under the terms of the Indenture. The court found that the obligation to make the payment was unequivocal and rejected defendant's contention that the capital notes, while convertible into equity instruments at maturity, represent anything other than a debt obligation at present. There-

fore, the court granted the motion in a memorandum decision dated September 27, 1991.

On October 8, 1991, OTS issued a notice of charges and hearing to Crossland Savings Bank, charging that "payment on the Capital Notes would constitute a prohibited distribution of shares or an otherwise prohibited capital distribution", together with a temporary cease and desist order directing that "Crossland shall cease from making any payments, directly or indirectly, to the holders of Crossland's senior subordinated capital notes * * * until the completion of the administrative proceedings initiated by the Notice". Crossland thereupon brought a motion to renew (denominated a motion to reargue and/or renew) its opposition to the summary judgment motion and to stay entry of judgment and any enforcement proceedings pending determination of the renewal motion. Supreme Court denied the temporary relief, defendant served a notice of appeal from the denial, and the parties, by stipulation entered into on October 11, 1991, agreed to undertake no further action to enforce any judgment which might be entered pending determination of the renewal motion. On October 16, 1991, Supreme Court denied the motion, finding the OTS order no bar to "the ministerial action of signing a judgment on the decision previously issued." The order further stayed enforcement of the judgment for 10 days following service of a copy thereof with notice of entry. Defendant also appeals from this order.

Judgment was filed on October 25, 1991. Defendant sought and obtained a further stay of enforcement which limited the effect of the stay to efforts to execute "against Crossland Savings, FSB, as judgment debtor only," thereby allowing plaintiff to proceed against defendant's assets in the hands of third parties. Defendant appeals from so much of this order as so limits the effect of the stay.

The central issue in this action, which has been apparent from the moment issue was joined, is whether the capital notes issued pursuant to the Indenture are debt or equity instruments. It is undisputed that defendant is subject to the supervision of OTS which has the authority to oversee and regulate its operations. It is further apparent from the Indenture agreement that payment due in the event of a default (at least a default which accelerated the repayment of principal) would have an impact upon the bank's capital, with regulatory consequences should the bank's funds fall below "then applicable net worth requirements" (Indenture § 6.01). The

issue presented by the parties upon appeal is whether Supreme Court had the power to enter judgment on its order awarding summary judgment to plaintiff for overdue interest. The Office of Thrift Supervision, which appeared *amicus curiae,* argues that Supreme Court "exceeded its jurisdiction by taking actions which affect orders issued by OTS".

Following argument of the appeal, the Federal Deposit Insurance Corporation took over the operation of Crossland, transferring its assets and deposits to Crossland Federal Savings Bank Corporation, a new Federally chartered thrift (Wall Street Journal, Jan. 27, 1992, at A5, col 1).

The courts of this State are without authority to decide the ultimate issue in this controversy, which is whether OTS exceeded its authority or contravened Federal law by deeming Crossland's senior subordinated capital notes to be equity and issuing a cease and desist order forbidding Crossland from paying interest due thereon (12 USC § 1818 [i]). Jurisdiction is vested in the United States District Court to entertain such questions. Furthermore, State courts have no jurisdiction "to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order" (12 USC § 1818 [i] [1]). However, this language, relied upon by OTS, should not be construed to usurp the authority of a State court to determine an issue of State law and, having done so, to perform the ministerial act of entering judgment thereon in favor of a plaintiff who sought relief in the State forum against a defendant properly subject to the court's jurisdiction.

Significantly, defendant Crossland and OTS do not dispute the determination reached by Supreme Court that the interest claimed by plaintiff Manufacturers Hanover Trust Company is, in fact, due and owing. Nor does OTS maintain that it is in a position to accord the parties complete relief in this matter nor that it possesses the authority to award plaintiff the monetary damages sought in this action *(see, Ratner v Chemical Bank N. Y. Trust Co.,* 309 F Supp 983, 988-989 [SD NY]). It would appear, moreover, that recourse to the Federal courts is entirely at the option of defendant and OTS, for neither entity suggests any basis upon which plaintiff might invoke the jurisdiction of the District Court in the attempt to pursue its claim in a single forum which is empowered to adjudicate the rights of all interested parties.

Federal law is clear as to the procedure to be followed where a potential conflict between Federal and State jurisdiction arises. Both OTS (12 USC § 1818 [i] [1]) and the depository institution (12 USC § 1818 [c]; [h] [2]) may apply to the appropriate Federal District Court for injunctive relief—OTS to enjoin interference with enforcement of a lawful order of the agency and Crossland to enjoin enforcement of the OTS order. Neither OTS nor Crossland, which appear to be united in their resistance to the payment of the overdue interest on the senior subordinated capital notes, has chosen to avail itself of the obvious remedy. In the event that either sought injunctive relief in Federal court, the propriety of the cease and desist order issued to Crossland would be subject to the District Court's review and determination. Also, upon such application, as a matter of comity, Supreme Court would be obliged to decline the exercise of jurisdiction over the claim (*Matter of Sabha*, 65 AD2d 917).

Were this court to adopt the procedural course suggested by defendant and OTS, the effect would be to deny plaintiff judgment on its State claim while depriving it of the opportunity to challenge the authority of OTS to take the very action which is alleged to divest our courts of jurisdiction, that is, to order Crossland to refrain from paying interest on its notes. While the principle of comity requires the courts of this State to defer to Federal courts in matters peculiarly within their jurisdiction, it does not extend to permitting a party—or an entity allied in interest with a party—to avail itself of a jurisdictional void in order to evade consideration of a central issue by the appropriate tribunal. Moreover, even following entry of judgment, injunctive relief is available in Federal District Court to preclude its enforcement.

Accordingly, the judgment of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 25, 1991, which granted plaintiff judgment in the amount of $10,520,977.82, should be affirmed, without costs. The order of the same court, entered October 25, 1991, which denied defendant's motion to renew, should be affirmed, without costs. The order of the same court, entered November 1, 1991, which granted a stay of all proceedings against Crossland, should be modified, without costs, to enjoin all proceedings to enforce the judgment for a period of 60 days from the date hereof so as to permit application to the Federal District Court for appropriate relief. The appeal from the order of the same court, entered October 11, 1991, which denied preliminary

relief pending the hearing of the motion to renew, should be dismissed as moot, without costs. The order of the same court, entered October 22, 1991, which granted summary judgment to plaintiff, should be dismissed as subsumed in the judgment entered October 25, 1991, without costs.

ROSENBERGER, J. P., KUPFERMAN and ASCH, JJ., concur.

Judgment of the Supreme Court, New York County, entered October 25, 1991, which granted plaintiff judgment in the amount of $10,520,977.82, is affirmed, without costs. The order of the same court, entered October 25, 1991, which denied defendant's motion to renew, is affirmed, without costs. The order of the same court, entered November 1, 1991, which granted a stay of all proceedings against Crossland, is modified, without costs, to enjoin all proceedings to enforce the judgment for a period of 60 days from the date hereof so as to permit application to the Federal District Court for appropriate relief. The appeal from the order of the same court, entered October 11, 1991, which denied preliminary relief pending the hearing of the motion to renew, is dismissed as moot, without costs. The order of the same court, entered October 22, 1991, which granted summary judgment to plaintiff, is dismissed as subsumed in the judgment entered October 25, 1991, without costs.

Motion by defendant-appellant to modify the stay order is denied.